James W. Lees, as Administrator of the Goods, Chattels and Credits which were of Mary Reeder Lees, Deceased, Plaintiff, *v.* New York Consolidated Railroad Company, Defendant.

(Supreme Court, Kings Special Term, December, 1919.)

Negligence — when motion to set aside verdict as excessive denied — damages — Code Civ. Pro., § 1902.

> The damages recoverable in an administrator's action under section 1902 of the Code of Civil Procedure are exclusively for the benefit of those persons contemplated by the statute, and a charge that the remarriage of the plaintiff, the husband of the decedent, could not be considered by the jury in reduction or mitigation of damages was not erroneous, the jury being also charged that the damages to be awarded should be limited to the money loss sustained by the husband and child of decedent, and where plaintiff is given a verdict measured by the expectancy of the life of the decedent at the time she sustained her fatal injuries as the result of defendant's negligence, a motion to set aside the verdict as excessive will be denied.

Motion to set aside a verdict.

Theodore L. Herrmann, for plaintiff.

George D. Yeomans (O. M. Clark, of counsel), for defendant.

VAN SICLEN, J.  The defendant moves to set aside verdict in favor of plaintiff on the general ground that it is excessive.  It is also urged that the trial court erred in excluding evidence of plaintiff's remarriage. Upon the trial it appeared that plaintiff, the husband of the decedent, had remarried prior to the trial, and the court charged that said remarriage could not be considered by the jury in reduction or mitigation of damage.  Was such charge error?

Plaintiff's right of action is authorized by section 1902 of the Code of Civil Procedure; section 1903 provides for the distribution of damages recovered therein; and section 1904 defines the amount of recovery.  The decedent left her surviving the plaintiff, her husband, and one minor child, to whom the amount of damages recovered is distributed in the proportion of one-third to the husband and two-thirds to the child. The damages assessed by the jury are in the form of one verdict and are exclusively for the benefit of both the husband and the child; such damages, however, cannot be separated, divided or segregated by the trial court so as to say what portion of the verdict the jury intended for the husband and what portion for the child.  Had the court charged that plaintiff's remarriage must be considered by the jury in reduction or mitigation of damages and had the jury strictly followed such construction necessarily the child would have been penalized two to one as against the father, for the remarriage of her father, who concededly would not have and lawfully could not have again married but for the wrongful act or neglect of the defendant.

A careful search of the authorities in New York state fails to disclose any case directly in point, although there are many, which by inference and analogy support the court's charge that evidence of remarriage is inadmissible and properly excluded; notably

where husband and wife were living separate and apart at the time of the death of either, where benefits received by the survivor or survivors were by way of insurance or pension, and in a recent case (*Radley* v. *Leray Paper Co.,* 214 N. Y. 32) where the marriage took place after the fatal injuries were received. It does appear, however, in other states having statutes similar to our own, that the decisions are uniform in holding that such evidence of remarriage is inadmissible and properly excluded.

Obviously the charge in the instant case that the damages to be awarded by the jury must be limited to the money loss sustained by such next of kin (the husband and child) from or by the death of such a woman (the wife and mother) was well within the contemplation of the statute, and it follows that the jury's verdict was measured by the expectancy of the deceased at the time when fatal injuries were received by her as the result of defendant's negligence and in her then physical condition.

Finally the court is unable to say, considering all the evidence in the case, that the verdict is so excessive as to warrant interference therewith. The defendant's motion to set aside is, therefore, denied, with exception to defendant.

Motion denied.