In the Matter of JOSEPH DELL'AQUILA, Petitioner, against ALGER B. CHAPMAN, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents.

Supreme Court, Special Term, New York County, November 22, 1948.

*Anthony J. Dell'Aquila* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown* and *Irving I. Waxman* of counsel), for respondents.

McGEEHAN, J. This motion presents a sociological problem as well as a legal problem.

The petitioner Joseph Dell'Aquila is the father and sole surviving parent of one Alfred John Dell'Aquila, a deceased veteran. In 1944, the deceased married one Marie C. Field.

On May 5, 1945, the deceased met his death on Biak Island, in the Netherland East Indies. The deceased left him surviving his widow and his aged father. On September 29, 1946, the deceased's wife remarried one Joseph John Cali with whom she presently resides. On January 1, 1948, the State Bonus Law became effective (L. 1947, ch. 547, as amd.).

In due course the former widow received payment of the State bonus and the petitioner now claims he was legally entitled to such payment.

The question before this court is whether a woman who has lost her husband in war and has remarried before January 1, 1948, is entitled to the State.bonus in preference to the aged father of the deceased veteran?

Certainly on January 1, 1948, the widow of the deceased veteran was in fact the wife of another man. Whether the law contemplated giving the bonus to such a woman who was in fact being supported by another husband is not entirely clear and free from doubt in view of the language used. However, the respondent has seen fit to favor her claim in preference to the father's.

In arriving at a conclusion in this instance it might be enlightening to observe that if the deceased had met his death in civilian life as a result of actionable negligence on the part of some person or persons, the law would have permitted recovery by his then widow under the provisions of sections 130 and 133 of the Decedent Estate Law, even though the widow remarried after his demise and before the trial. There seems to be some doubt as to whether such remarriage might even be received in evidence at the trial in diminution of damages. There seems to be some authority against the admission of such proof. (See, *Lees* v. *New York Consolidated R. R. Co.,* 109 Misc. 608, and 30 A. L. R. 123.)

Therefore, while the court finds much that can·be said in favor of the father's claim, yet it cannot find that the conclusion reached by the Veterans' Bonus Bureau is unreasonable, arbitrary or capricious under the circumstances. Accordingly, this court is constrained to dismiss this proceeding.

Settle order.