In the Matter of GEORGE KOHN, as Executor of HENRY W. PROSSER, Deceased, Petitioner, against SPENCER E. BATES, as Commissioner of Taxation and Finance of the State of New York, Respondent.

Supreme Court, Special Term, Oneida County, March 11, 1949.

*George Kohn,* petitioner in person.

*Nathaniel L. Goldstein, Attorney-General* (*Irving I. Waxman* of counsel), for respondent.

MALPASS, J. This is an application by the petitioner for an order reviewing and annulling the decision of the Commissioner of Taxation and Finance of the State of New York in denying the application of the petitioner as executor of the estate of Henry W. Prosser, deceased, to be paid the sum of $250 as bonus which the petitioner claims was due and payable to the deceased during his lifetime as the surviving parent of Robert H. Prosser, a deceased veteran.

The facts are undisputed and are substantially as follows: The petitioner is the executor of the estate of Henry W. Prosser, who was the father by adoption of one Robert H. Prosser, who died while in the active military service of the Federal Government on July 4, 1943. The father, Henry W. Prosser, filed an application on or about January 26, 1948, for the payment due him as sole surviving next of kin of said deceased veteran under the Veterans' Bonus Act, being chapter 547 of the Laws of 1947. The father, Henry W. Prosser, died June 13, 1948, before payment was made to him of the bonus aforementioned and the petitioner was duly appointed his executor and claims that the payment which would have been due to the father, Henry W. Prosser, if living, should be paid to the petitioner as his executor. On November 24, 1948, the Veterans' Bonus Bureau advised petitioner of their refusal to make payment of the bonus money on the sole ground that Henry W. Prosser having died, his estate had no claim for such payment. Upon the argument of this motion which was had on the 18th day of January, 1949, the facts above stated were conceded by the counsel for the respondent. The sole question to be determined upon this application is whether or not the right to assert a claim for the veteran's bonus, which concededly was due to the deceased father, Henry W. Prosser, survives his death and may be enforced by his executor.

On January 1, 1948, the effective date of the Veterans' Bonus Act, Henry W. Prosser, as sole surviving next of kin of the deceased veteran, Robert .H. Prosser, became entitled to the payment to him of the sum of $250 under the provisions of the act. On January 26, 1948, Henry W. Prosser, as such next of kin, duly made application for the payment to him of the bonus to which he concededly was entitled. The Commissioner of Taxation and Finance delayed action on Mr. Prosser's applica-

tion and he died June 13, 1948 (nearly six months after the filing of his application), without his application having been acted upon. No satisfactory explanation has been made as to the cause of the delay in acting on this application. It is conceded that had the commissioner acted on his application prior to his death, payment of the bonus would have been made to Mr. Prosser and he would then have been permitted to make whatever use he desired of the money so paid to him.

My attention has not been directed to any cases holding as to when the title to moneys payable under the Veterans' Bonus Act vested. There is a similarity between moneys payable under this act and moneys recovered as damages in an action for wrongful death under section 130 of the Decedent Estate Law. (*Matter of Dell'Aquila* v. *Chapman,* 193 Misc. 282.) The action for damages for wrongful death is a statutory action. The right to receive a bonus under the so-called Veterans' Bonus Act is likewise created by statute and the reasoning applicable as to when these rights vested and became fixed is logically applied in both statutes. It seems to be well established that the persons entitled to recover damages for wrongful death under the statutory action authorized in section 130 of the Decedent Estate Law are those who would be so entitled at the time of the death of the person wrongfully killed and that the right to such damages became vested at that time. In *Pitkin* v. *New York Central & Hudson Riv. R. R. Co.* (94 App. Div. 31, 36; also 109 App. Div. 911, affd. 185 N. Y. 548), Judge Hiscock said: "It is suggested by the counsel, however, in his brief that ' the damages to be recovered become fixed at the time of the death of plaintiff's intestate, and the subsequent death of the father did not alter the question.' If this language should be construed as holding that the *right* to damages in behalf of the next of kin accrued and became fixed at the time of the death of plaintiff's intestate we should, of course, have no difficulty in agreeing with it. But we are unable to agree with any construction which holds that at such moment the *amount* of the damages to be recovered in behalf of the beneficiary became so fixed that it could not be altered by subsequent circumstances, like the death of the next of kin." This language was quoted with approval by the Court of Appeals in *Sider* v. *General Electric Co.* (238 N. Y. 64, 69–70) in an opinion in which Judge Crane, writing for a unanimous court, said: "The cause of action in the next of kin was referred to as a property right in order to give the representative of the next of kin

when the latter had died before trial a right to recover the actual damages which he had sustained up to the time of his death. In other words, the cause of action for such damages as were actually sustained did not die with the passing out of a widow or next of kin. This rule of law has been well defined and applied in the case of *Pitkin* v. *New York Central & Hudson River Railroad Co.* (94 App. Div. 31) wherein the opinion was written by the chief judge of this court. The reasoning and conclusion we adopt." To the same effect is the decision in the case of *Matter of Meekin* v. *Brooklyn Heights R. R. Co.* (164 N. Y. 145, 149) where Judge VANN, writing for a unanimous court, said: " Thus the statute creates a right of action for damages to the estate of the beneficiaries, caused by a wrongful act or omission, which deprived them of some pecuniary benefit reasonably to be expected from the continuance in life of the decedent. That right of action was the property of the beneficiary which was not forfeited by his death, but became a part of his estate." (Other cases to the same effect are *Van Beeck* v. *Sabine Towing Co.,* 300 U. S. 342, 347; *Matter of Aronowitz,* 151 Misc. 746.)

It was the intention of the Legislature to provide for the payment of a bonus to members of the armed forces or the next of kin of those members of the armed forces who had died. This intention is clearly expressed in the title to the act, " An Act to provide for the payment of bonuses to members of the armed forces of the United States from this state, who served between December seventh, nineteen hundred forty-one and September second, nineteen hundred forty-five, and in the case of deceased members, to their next of kin as defined by law, and authorizing the creation of a debt of the state not exceeding four hundred million dollars for such payment and making appropriations therefor." The Veterans' Bonus Act became effective January 1, 1948. Robert Henry Prosser, the deceased veteran, died July 4, 1943. On both of these dates the only surviving next of kin was his adopted father, Henry W. Prosser, and he, on January 1, 1948, became entitled to receive the bonus payable under the act. This right is not affected by his subsequent death nor the failure of the State officials charged with the distribution of the bonus moneys to make payment prior to his death. The petitioner, as executor of the estate of Henry W. Prosser, is entitled to receive, as such executor, the amount of the bonus to which his testator was entitled.

An order may be entered herein annulling the decision of the Commissioner of Taxation and Finance and directing the payment over to the petitioner as executor of the estate of Henry W. Prosser, deceased, the sum of $250 as the veteran's bonus which was due and payable to the said Henry W. Prosser, with costs in the amount of $50.