ROGER S. BORDEN, appellee, v. WORLD WAR II SERVICE COMPENSATION BOARD OF IOWA and STATE OF IOWA, appellants.

No. 48052.

(Reported in 54 N.W.2d 496)

JULY 28, 1952.

Robert L. Larson, Attorney General, and Herbert H. Hauge, Special Assistant Attorney General, for appellants.

Fisher & Fisher and Ivan L. Onnen, all of Cedar Rapids, for appellee.

BLISS, J.—This proceeding, as provided by the statute involved, was tried de novo in the district court and it will be reviewed and tried in the same manner on this appeal. It involves the construction of chapter 59, Acts of the Fifty-second General Assembly, which chapter is designated "Soldiers' Bonus". It was passed and approved on May 19, 1947, and by its terms took effect immediately upon its adoption and approval by the people of the state at the general election held in November 1948. The election was November 2, 1948. The proposition carried by the requisite majority. The chapter now appears as chapter 35A of the 1950 Code of Iowa. This legislation was patterned substantially after chapter 332 of the Laws of the Thirty-ninth General Assembly, also entitled "Soldiers' Bonus", for those who served in the armed forces of the United States in World War I. The full title to chapter 59, Acts 52d G.A., is set out in Knorr v. Beardsley, 240 Iowa 828, 831, 38 N.W.2d 236, 239, and it suffices here to say that it states it is an Act authorizing the procurement of funds to pay "service compensation to persons who served in the armed forces of the United States at any time between" September 16, 1940 and September 2, 1945, both inclusive, "or their successors in interest * * *."

Plaintiff was not a member of this country's armed forces in World War II, but was a brother of Wayne Glenn Borden, who entered those forces on October 3, 1942, and was killed by gunshot wounds in direct combat with the enemy in Germany

on March 25, 1945. The deceased soldier never married and had no child or stepchild. His father died August 13, 1920. His mother, Nellie Evelyn Borden, never married after her husband's death, and died intestate in California on May 20, 1946, leaving no heir-at-law but her son Roger S. Borden, the plaintiff. The deceased soldier left no sister and no brother but the plaintiff. On August 3, 1949, the plaintiff filed with the Iowa World War II Service Compensation Board his "Beneficiary's Application", in which he made claim to the compensation to which his soldier brother would have been entitled were he living. The basis of his claim was that he had stood "in loco parentis"—in place of a parent—to his brother. On May 12, 1950, plaintiff filed with the Board his affidavit to sustain this contention. On January 26, 1951, plaintiff received the Board's ruling of January 22, 1951, denying his claim on the ground that he was not an eligible beneficiary. On February 2, 1951, the Board received notice of plaintiff's appeal, from its decision, to the district court of Linn County. The grounds of the appeal, as set out in a statement attached to the notice of appeal, in substance, were that his deceased mother was one of the persons eligible for the bonus or service compensation under section 4 of chapter 59, Acts 52d G.A. (section 35A.4, Code of 1950), who survived the deceased serviceman, and that on her death, the plaintiff as her sole heir or personal representative of her estate under the statutes of Iowa became entitled to collect the bonus.

On July 9, 1951, Fred C. Fisher was appointed administrator of the estate of Nellie Evelyn Borden by the Linn County District Court, and on August 3, 1951, he filed an application in said court asking that he be allowed to intervene in the appeal of the plaintiff pending in said court. The appellees therein made no objection to the application, and the district court on August 3, 1951, authorized the administrator to intervene and to make claim for the "Service Compensation bonus which might be due from the defendant as a result of the military service of Wayne G. Borden, deceased."

The administrator alleged in the petition of intervention that his decedent was the sole surviving parent of Wayne G. Borden and a member of one of the eligible classes of beneficiaries provided for under chapter 59 of the Acts of the Fifty-second

General Assembly, and as administrator he made claim to the benefits under said chapter. He prayed that the finding and decision of the Board be reversed, that the claim of Roger S. Borden be denied and the compensation be awarded to the intervenor.

The cause was submitted to the district court on stipulated facts and on the transcript of the proceedings before the Board on August 24, 1951, and on September 13, 1951, the court filed its "Findings of Fact, Conclusions of Law and Decision." In its decision the court stated:

"The court is of the opinion that Roger S. Borden, seeking the $500 compensation as the person in loco parentis, was not entitled thereto. But the question now before the court is whether the administrator of the estate of Nellie E. Borden, who survived the deceased soldier, is entitled to it, or if he is not, then can Roger S. Borden prevail as 'successor in interest'? Perhaps the further question should be asked, 'is the administrator the successor in interest'? * * *. Now on the day of the death of the deceased soldier, Borden, who was the first in order among those enumerated in the 'Compensation Act' that survived? In this case it was the mother, Nellie E. Borden. She was entitled to be the claimant. During her life she could not have filed because the Act was not effective until November 1948. She being deceased who is her successor in interest? Certainly it would be either the administrator of her estate or her next of kin or heirs. Her sole heir and next of kin was Roger S. Borden. * * * The court therefore is of the opinion that the claim vested in Nellie E. Borden, who was first in order of those enumerated in the 'Compensation Act' and who survived. She being deceased her sole heir, Roger S. Borden, is her successor in interest."

The court found he was entitled to compensation in the sum of $500.

I. The answers to the queries propounded by the district court must be found by a careful study of the soldiers' bonus or service compensation legislation, and particularly the provisions of chapter 35A, 1950 Code of Iowa. In each of the soldiers' bonus bills the language of the title is substantially the same except for the dates and the amounts authorized to be paid,

and except that in the earlier bill the bounty given is designated as a "bonus", and in the second bill it is designated as "service compensation." Subject to the same exceptions just noted the language of the first section of each bill is substantially the same. Each provides that the benefit shall be paid "to the persons defined in section four (4) of this Act * * *." Section 2 of each of the two Acts or bills, which section provided for the issuance of the bonds, the terms thereof and their sale, were in substance the same, subject to the same exceptions noted above. Section 3 of each bill stated that the proceeds of the bonds "shall be distributed to the persons entitled thereto *as hereinafter prescribed."* The three words which we have italicized refer to section 4 of each bill.

Section 4 of each Act or bill stated the requirements, qualifications and conditions necessary to entitle a member of our armed forces to the bonus, or service compensation. Wayne Glenn Borden had all of these essentials. The section also named, in the order of their priority or preferment, the classes of relatives of the deceased serviceman or servicewoman who would be eligible to receive the bonus or service compensation which the deceased member of the armed forces, as specified in said section 4, would have received had he lived. For the convenience of the reader and because of the importance of section 4 and the references thereto in other sections of each bill, we set out in full section 35A.4, Code of 1950 (section 4 of chapter 59, Laws of 52d G.A.), to wit:

"35A.4 Persons entitled—basis of compensation. Every person, male or female, who served on active duty, in the armed forces of the United States, at any time between September 16, 1940, and September 2, 1945, both dates inclusive, and who at the time of entering into such service was a legal resident of the state of Iowa, and who had maintained such residence for a period of at least six months immediately prior thereto, and was honorably separated or discharged from such service, or is still in active service in an honorable status, or has been retired, or has been furloughed to a reserve, or has been placed on inactive status, shall be entitled to receive from the service compensation fund ten dollars for each month that such person was in active

domestic service and twelve and one-half dollars for each month that such person was in active foreign service, all prior to December 31, 1946, not to exceed a total sum of five hundred dollars, provided that such person served for a period of not less than one hundred twenty days prior to December 31, 1946. Compensation for a fraction of a month shall not be considered unless it be sixteen days or more in which event it shall be computed as a full month. No person shall be entitled to such compensation who received a bonus or compensation of like nature, as provided in this chapter, from another state. No person shall be entitled to such compensation who being in the service of the armed forces of the United States, subsequent to September 16, 1940, refused on conscientious, political, religious, or other grounds to subject himself or herself to military discipline. Service in the merchant marine shall not be considered for the purposes of this chapter. The surviving unremarried widow or widower, child or children, stepchild or stepchildren, mother, father, or person standing in loco parentis, in the order named *and none other*, of any deceased person, shall be paid the compensation that such deceased person would be entitled to under this chapter, if living; but, if any person has heretofore died or shall hereafter die, from service connected causes incurred between September 16, 1940, and December 31, 1946, the first of survivors as here-inbefore designated and in the order named, shall be paid five hundred dollars, regardless of the length of such service." (Italics ours.)

The section in the first Soldiers' Bonus statute (chapter 332, Laws of 39th G.A.) corresponding to Code section 35A.4, supra, was also section 4. The provisions of each section, except for dates and amounts, are in substance the same, except the last sentence of each section. In the first of these two statutes, that sentence is: "The husband or wife, child or children, mother, father, *sisters or brothers,* in the order named and *none other,* of any person as defined in this section, who died while in the service or who has deceased before receiving the benefits of this Act, shall be paid the sum that such deceased persons [person] would be entitled to hereunder if such deceased person had lived." (Italics ours.)

It will be noted that one class of "successors in interest",

namely, "sisters or brothers" of the deceased service person, was omitted from Code section 35A.4, supra.

Code section 35A.8 of the existing statute is almost identical with its corresponding section—section 5—of the earlier statute. Both provide for applications for the bonus or compensation. The last sentence of each section is: "Such application shall state facts sufficient to establish the status of such applicant within a class as defined in section four (4) of this Act, and shall be duly verified."

The section in each statute had the same requisite—membership in a class—as defined in section 4 of the Act. The class of brothers or sisters of the deceased service person is not found in said Code section 35A.4, supra.

Section 35A.10, Code of 1950 (section 10, chapter 59, Laws of 52d G.A.), provides:

"Excess funds—reversion. After payment of all of the above claims and expenses of administration of the board herein created, all funds up to and including three million dollars remaining in the hands of World War II service compensation board shall constitute an additional compensation fund to be administered by the said board for the amelioration of the condition of residents of this state within the classes defined in section 35A.4 who suffer from disability."

Section 8 of the earlier statute (chapter 332, Laws of 39th G.A.) contained the identical provision quoted above. Thus the beneficiaries of this additional bonus or compensation fund were (under the earlier bonus statute) and are (under the present statute) limited to the classes defined in section 4 of each statute.

II. Each of the Soldiers' Bonus statutes (and each was thus designated by the respective General Assembly) provided for a bounty, or benefit payments, by way of bonus or compensation in addition to the regular pay, for each man or woman who rendered service in the armed forces of the United States in World War I and World War II, and in the event of his or her death before payment of the benefit to him it was and is provided that such payment be made to none other than the living member or members of named classes of relatives of the deceased serviceman or servicewoman, in a specified order. These classes,

from which a living member might become eligible as a beneficiary in substitution for the deceased service persons, are referred to in the title of each Act as "their successors in interest."

The bonus or compensation provided by the legislation, when it became effective, was primarily for the living serviceman or servicewoman who had met the service requirements and conditions. He or she was the first claimant. If either had died before the legislation became effective, or thereafter, as provided in said statutes, without receiving the benefit payment, it would pass to the living successor in interest, in the order of precedence or preferment, as defined in section 4 of either Act. If there was no living taker in any specified class, then a living taker in the next succeeding class would be eligible.

Under the present statute, chapter 35A, Code of 1950, the service person being dead without receiving the benefit payment, the first successor in interest of the deceased serviceman would be his surviving unremarried widow. If it was a servicewoman who was dead and she had left a widower, who was living, he would take the benefit payment. If there was no widow or widower living the living child, children, stepchild or stepchildren would take. In their absence the living mother would then take, and in her absence the living father would take. And, lastly, the living person who had stood in loco parentis to the service person would be the beneficiary.

Code section 35A.4, supra, states: "The *surviving* unremarried widow or widower, child or children, stepchild or stepchildren, mother, father, or person standing in loco parentis, in the order named *and none other*, of any deceased person, shall be paid the compensation that such deceased person would be entitled to under this chapter, if living * * *." (Italics ours.)

 The adjective "surviving" may mean outliving another, but it also means, and Webster's International Dictionary so defines it, "remaining alive or existent." The word "surviving" in the sentence quoted above qualifies not only the word "widow" but it also qualifies the words "widower", "child", "mother", and every other word designating a "successor in interest" of the deceased soldier, as defined in the section. It was not sufficient that the mother of the deceased soldier, Wayne Glenn Borden, survived him by living after his death. The benefit payment to

which her son would have been entitled were he living did not "vest" in her because she survived him, as the trial court found. But as we read the statute and interpret the legislative intent therein, the mother never acquired any interest of any kind at any time in the benefit payment which she could or did pass on to Roger S. Borden, the appellee, and she never became eligible as a "successor in interest" of her deceased son, as defined in Code section 35A.4, supra, because she was not "surviving", existent, or living when the benefit payment was payable or available for payment.

The plaintiff-appellee never acquired any interest in the money in controversy through his mother or through her estate as her statutory distributee, her representative, or in any other manner or capacity. There is no language or provision in the statute that makes any heir or next of kin of the deceased service person his successor in interest or one entitled to the benefit payment unless he or she is in a class as defined or designated in Code section 35A.4, supra. He was not entitled or authorized by section 35A.8, Code of 1950, to make application thereunder for the benefit payment, because he was not a "successor in interest" of his deceased brother, or a member of any class defined in section 35A.4 of said Code. He was in a class defined as a successor in interest in the first Soldiers' Bonus statute, which was omitted from second Soldiers' Bonus statute. Had he established that he had stood in the place or relation of parent to his brother he would have been entitled to recover, but the trial court found and decreed that he had never occupied such relation, and denied recovery on that ground. The defendant Service Compensation Board rightly held that plaintiff was not an eligible beneficiary under the statute. In doing so it followed a long-continued practice and construction of both of said statutes under opinions from the office of Attorney General of Iowa (1923–1924 Report of Attorney General of Iowa, page 259 et seq., and Report for 1949–1950, on page 30, opinion of March 15, 1949). Under the practice of the Board the benefit payment did not vest in any recipient and become his property until he had received and endorsed the warrant issued for the payment. According to opinions of the attorney general this has been the general practice

in other states under Soldiers' Bonus or compensation statutes similar to those of Iowa.

III. This type of legislation is predicated on the ground that those who served in the armed forces of the United States constitute a group who were called upon for special sacrifices and are therefore entitled to special recognition in the form of monetary grants whether designated as bonus or service compensation. The Soldiers' Bonus statute of New York (chapter 547 of the Laws of 1947, as amended, McKinney's Unconsolidated Laws, section 10201 et seq.) is similar in many respects to chapter 35A, 1950 Code (Iowa). The statute was construed in In re Kohn, executor, v. Bates, commissioner, as administrator of the bonus statute, 275 App. Div. 431, 90 N. Y. S.2d 391 (Supreme Court, Appellate Division, Fourth Dept., June 24, 1949).

The facts and procedure in the case were as follows: Robert H. Prosser was killed while in active service on July 4, 1943. His only surviving kin was his adoptive father, Henry W. Prosser, who, on January 1, 1948, the effective date of the Bonus Act, supra, became entitled to the bonus payment. On January 26, 1948, he filed application for the bonus with the commissioner. The latter delayed action on the application, without reasonable cause shown, for nearly six months. The adoptive father died on June 13, 1948, without receiving payment. The executor of his estate filed application for the bonus, which the commissioner denied on November 24, 1948. The executor appealed to the Supreme Court of Oneida County, which annulled the order of the commissioner and directed him to pay the bonus to the executor (194 Misc. 833, 87 N. Y. S.2d 537). The commissioner appealed, as noted above—In re Kohn v. Bates, 275 App. Div. 431, 434–436, 90 N. Y. S.2d 391, 395, 396. The facts were conceded. The only question on the commissioner's appeal was whether the right to assert the claim, which was concededly due the adoptive father, survived his death and could be enforced by his executor. The statute provided for the payment of bonuses to members of the armed forces of the United States who served between specified dates, and, in case of deceased members, to their next of kin as defined by law. The appellate court consisting of five members of the supreme court, on a review in the nature of certiorari in sustaining the determination of the commissioner, said:

"Passing to the construction of the statute, one gets little help from the language * * *. Respondent contends that as long as an eligible next of kin applies for the bonus, he need not be alive to receive it. On the other hand the appellant contends that the next of kin mentioned in the statute must be alive in order to receive payment of the bonus and that the estate of the next of kin who dies before receiving payment has no right to the bonus. We adopt the contention of the appellant. * * * Subdivision (c) of the same statute only adds weight to the contention advanced by appellant that the recipient of the bonus must be alive to receive it at the time of payment. Subdivision (c) of section 1 provides 'A bonus of two hundred fifty dollars shall be paid to the next of kin' of a veteran 'who died * * *, while a resident of this state and prior to receiving payment of a bonus under subdivision (a) of the section, * * *.' The language quoted clearly indicates that the filing of an application for a bonus by a veteran under subdivision (a) creates no property right in the proceeds of the bonus that would pass to his or her executor as an asset of the deceased veteran's estate. The language of the statute leads to the conclusion that the persons eligible to the bonus, whether veteran or next of kin, must be alive in order to be entitled to its payment and that neither the estate of the veteran nor of the next of kin, regardless of whether an application for the bonus has been made, is entitled to payment of the same in the event that such applicant dies prior to payment.

"The wording of the statute indicates an idea of succession, that is, if the person eligible for payment of the bonus dies before actual payment is made, the surviving next of kin next in line in the order named in the statute would be entitled to receive payment of the bonus. * * * No provision is found in the statute directing or permitting payment to the representative of a deceased veteran or deceased next of kin. In construing the meaning of the statute, we should not overlook the interpretation placed thereon by the Bonus Bureau whose duty it is to make payment of the bonus under the supervision of the Commissioner of Taxation. In the administration of the act and making payment thereunder, the Veterans' Bonus Bureau has always taken the position that in the event an eligible next of kin dies prior to receiving payment of the bonus, his estate is not entitled to

it and thereupon only the surviving next of kin in the order mentioned in the act is entitled to receive payment. If such interpretation has warrant in the record and a reasonable basis in law, we should hesitate to interfere with the interpretation so placed upon the statute by the administrative body [citing cases] * * *

"It follows that the order of the Special Term should be reversed on the law and the determination of the Commissioner of Taxation and Finance should be confirmed * * *."

On appeal to the Court of Appeals of New York, the order was affirmed with a full concurrence. In re Kohn, excr., v. Bates, comr., 300 N. Y. 722, 92 N.E.2d 60 (second case).

In In re Dell'Aquila v. Chapman, 277 App. Div. 54, 58, 97 N. Y. S.2d 812, 815 (Supreme Court, Appellate Division, First Dept., June 6, 1950) the court said:

"The only requirement in our bonus statute as to beneficiaries is that the party named as a beneficiary shall be alive at the time of payment. In other words, there is no vesting of interest. This was decided in Matter of Kohn v. Bates, 275 App. Div. 431, 90 N. Y. S.2d 391, affirmed 300 N. Y. 722, 92 N.E.2d 60. There the court held that the provisions of the statute indicate that if the person eligible for payment of the bonus should die before actual payment is made the surviving next of kin next in line in the order named in the statute would be entitled to receive payment thereof. Survival of person and not continuance of status is the test under the statute."

The Court of Appeals affirmed with full concurrence, 302 N. Y. 713, 98 N.E.2d 588.

See also In re Lindsay's Will, 109 N. Y. S.2d 600, 604 (Surrogate's Court, Monroe County, New York, January 7, 1952); annotation 22 A. L. R.2d on page 1139.

IV. The language of Code section 35A.4 is plain and without ambiguity and the chapter as a whole clearly indicates the intention of the legislature as to those who are entitled to receive the bonus payment. They are definitely designated and defined and then expressly restricted to those and "none other". In such case there is no basis for interpretation nor construction. The language is to be accorded its plain and ordinary meaning.

Fry v. Fry, 125 Iowa 424, 430, 101 N.W. 144; Jefferson County Farm Bureau v. Sherman, 208 Iowa 614, 618, 226 N.W. 182, 184; Meredith Publishing Co. v. Iowa Employment Security Comm., 232 Iowa 666, 680, 6 N.W.2d 6.

Statutes granting bonus or service compensation to members of the armed forces of this country should be liberally construed in favor of those entitled to the benefits, but the designation of these beneficiaries is a legislative function, and courts must construe the statutes as written, and not, under the guise of interpretation, broaden the statute to include those plainly not within the legislative intent.

The judgment and decree of the district court is reversed, the order and determination of the defendant Service Compensation Board is reinstated, and the cause is remanded to the district court to direct said Board to make such reinstatement.—Reversed and remanded.

All JUSTICES concur.