HENRY S. EASTMAN, appellant, v. WORLD WAR II SERVICE COMPENSATION BOARD OF IOWA and STATE OF IOWA, appellees.

No. 48341.

(Reported in 60 N.W.2d 856)

NOVEMBER 17, 1953.

J. Allen Orr, of Sioux City, for appellant.

Leo A. Hoegh, Attorney General, and Herbert H. Hauge, Special Assistant Attorney General, for appellees.

MULRONEY, J.—James W. Hynes was killed in action on November 13, 1943, while serving in the military service at Anzio, Italy. He was nineteen years of age at the time of his entry into the military service. He was unmarried, and ever since he was seven years old he had lived in Sioux City, in the home of his Uncle, Henry S. Eastman. Mr. Eastman is the brother of James's mother. The uncle was unmarried but his mother, the grandmother of James, lived with him. The father died when James was six years old but his mother remarried and was also living in Sioux City.

On July 27, 1949, Henry S. Eastman filed an application for World War II Service Compensation, under chapter 35A, Code, 1950, alleging he had stood in loco parentis to the deceased soldier. On June 12, 1951, the Board disapproved the claim on the ground "that the deceased veteran's natural mother was still living." Mr. Eastman perfected an appeal to the district court and after hearing testimony the court, on August 7, 1952, sustained the Board's ruling on the same ground, to wit, that the deceased veteran's natural mother was still living. At this hearing it was stipulated the "mother never made application for the bonus involved, and that the time for filing application for the bonus had expired * * *."

The trial court specifically found the natural mother had abandoned the deceased soldier, and Mr. Eastman had furnished his support and education and stood in loco parentis to him

within the meaning of that term in the compensation act. It is enough to say the record amply supports these findings and we do not understand the Board to question them. The trial court's judgment quotes the following portion of section 35A.4, Code, 1950: "The surviving unremarried widow or widower, child or children, stepchild or stepchildren, mother, father, or person standing in loco parentis, in the order named and none other, of any deceased person, shall be paid the compensation that such deceased person would be entitled to under this act, if living; but, if any person has heretofore died or shall hereafter die, from service connected causes incurred between September 16, 1940, and December 31, 1946, the first of survivors as hereinbefore designated and in the order named, shall be paid five hundred dollars ($500.00), regardless of the length of such service." The trial court interpreted this language to mean that "the Board is not permitted to make payment to this claimant in that the right to make the claim and obtain the bonus was in the mother; that her failure to make claim does not serve to transfer that right to the [claimant] even in the situation as here disclosed."

 ██ I. We have said the service compensation statute should be liberally construed in favor of those entitled to the benefits. Borden v. World War II Service Compensation Board, 243 Iowa 892, 54 N.W.2d 496.

The question here is the meaning that is to be given to the phrase "in the order named." It is admitted the natural mother and the uncle in loco parentis are the only two persons in the named class of compensation recipients with respect to the bonus here involved. In the order in which they are named the mother is ahead of the claimant, but the command of the statute is to the Board: to make payment.

 ██ There is another statute in the chapter that deals with the payment of the bonus. It is section 35A.8 which provides: "Before receiving any compensation under the provisions of this chapter, the claimant, or his successor in interest, shall file with the service compensation board, application on forms provided by said board; such application must be so filed on or before

December 31, 1950. Such application shall state facts sufficient to establish the status of such applicant within a class as defined in section 35A.4 and shall be duly verified." These two statutes are merely different sections of one law adopted by the Fifty-second General Assembly (chapter 59) and they both relate to the same subject matter and should be construed together.

In Iowa Motor Vehicle Assn. v. Board of Railroad Comrs., 207 Iowa 461, 465, 221 N.W. 364, 366, 75 A. L. R. 1, we said:

█ "It is the general rule, as to the construction of statutes adopted at the same session of the legislature when they relate to the same subject matter, that they shall be construed together. The rule that statutes *in pari materia* shall be construed together applies with peculiar force to statutes passed at the same session of the legislature."

█ Reading the two statutes together we find section 35A.4 provides that the persons in the designated class "shall be paid the compensation * * * in the order named * * *", and section 35A.8, Code, 1950, provides: "Before receiving any compensation under the provisions of this chapter, the claimant * * * shall file * * * application [therefor] * * * on or before December 31, 1950." Construing the two statutes together they mean the compensation shall be paid *to applicants* in the designated class "in the order named" and an applicant is a claimant with an application on file before December 31, 1950. The Board did right to hold up the uncle's application until after December 31, 1950, but after that date claimant was the only person, who, under the law, could receive the bonus. The mere fact that the mother is alive does not give her a superior position in the order of persons to whom payment is to be made. She must also be an applicant with an application on file before December 31, 1950. To hold otherwise would mean a natural father who had reared his son from infancy could not get the bonus, if the son were killed in action, and the mother was alive and had abandoned the boy and filed no claim.

The above construction means the uncle who stood in the position of a father to James should be paid the bonus involved.

The cause is reversed and remanded for such judgment.—Reversed and remanded.

HAYS, C. J., and OLIVER, BLISS, GARFIELD, and SMITH, JJ., concur.

WENNERSTRUM, THOMPSON and LARSON, JJ., dissent.

WENNERSTRUM, J. (dissenting)—I do not believe the majority opinion is justified by reason of the applicable statute and therefore respectfully dissent.

I. It holds, as has other opinions of this court, the service compensation statute should be liberally construed in favor of those entitled to its benefits. However, this announced rule should not permit us to read into the statute provisions that are not therein stated. It is not a question of liberally construing the statute. The responsibility of this court, as well as that of the trial court, should be that of following the statute and applying the facts to it. It is not our province to add to the statute by interpretation something that is not therein stated. In the instant case it is not controverted that the mother of the deceased soldier was living during the time application for the compensation could have been made by her. As stated in the statute, section 35A.4, 1950 Code, payment shall be made to "* * * mother, father, or person standing in loco parentis, *in the order named* * * *", and to *"the first of survivors* as hereinbefore designated and *in the order named* * * *."* (Italics supplied.) Inasmuch as under the statute the mother of a deceased soldier has priority for making a claim over that of a person standing in loco parentis, the payment should only be made to her if she is living. The fact the mother failed to assert her right to the compensation payment should not advance the right or interest of a subsequently named or qualified beneficiary. If the legislature had desired to state that payment could be made to an applicant if he or she was in one of the designated classes and there was no other applicant it could have done so. This it did not do. What it did say was that the payment should be made to the *"first of survivors* as hereinbefore designated and *in the order named."* As stated by the trial court, there may be an injustice

1396

done by reason of the definite and emphatic language of the act. However, that should not give this court the right to rewrite the statute. Eittreim v. State Beer Permit Board, 243 Iowa 1148, 1155, 53 N.W.2d 893, 897. Our province should be limited to construing and interpreting statutes that are involved in pending litigation as enacted.

II. In the submission of this case the court was not referred to any legal interpretation of the phrase, "in the order named", and independent research has not disclosed any such interpretation. However, Webster's New International Dictionary (1947) in an applicable definition defines "order" as a "Temporal or spatial arrangement of things, course of occurrence, esp. in sequence or succession." And this same authority defines "sequence" as "That which follows later or as a consequence." It is therefore apparent that the phrase "in the order named" could be said to mean "in the manner of the arrangement or sequence of persons or classifications listed or noted." And especially would we be justified in giving this interpretation to the statute when it is observed the statute itself provides payment shall be made to the *"first of survivors* as hereinbefore designated and *in the order named."* (Italics supplied.) It did not state the payment should be made to the "first of survivors * * * and in the order named" who filed an application.

For the reasons stated I would affirm the trial court.

THOMPSON and LARSON, JJ., join in this dissent.