986

In the Matter of the Estate of HENRY S. CURTIS, Deceased.— Appeal dismissed, without costs, upon stipulation.

## (September 28, 1955.)

In the Matter of the Estate of CLARENCE N. FRANK, Deceased. RICHARD FRANK, as Administrator of the Estate of CLARENCE N. FRANK, Deceased, Respondent; STATE INSURANCE FUND, Appellant.

*Per Curiam.* The recovery in a wrongful death action must be distributed to the widow and next of kin " in proportion to the pecuniary injuries suffered " by each (Decedent Estate Law, § 133). By the order appealed from the Acting Surrogate directed a distribution simply according to life expectancy, so that the widow received 18% and her two sons received 82% of the recovery. Nothing in the record warrants a finding that their loss so exceeded hers. The sons are grown and employed. The evidence establishing the assistance which the deceased rendered to them is sparse and unsatisfactory. The widow's pecuniary loss is no less because she has had an independent income (*Gross* v. *Abraham,* 306 N. Y. 525). Her life expectancy is some evidence of her loss (see *Sider* v. *General Elec. Co.,* 238 N. Y. 64), but equally important is the amount customarily received from her deceased husband and the expensiveness of their manner of living (*Spreen* v. *Erie R. R. Co.,* 219 N. Y. 533; *Meng* v. *Emigrant Ind. Sav. Bank,* 169 App. Div. 27). The evidence with respect to these matters should be clarified.

The order, insofar as appealed from, should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

Order insofar as appealed from reversed, on the law and facts, without costs of this appeal to either party, and matter remitted to the Surrogate's Court for further proceedings in accordance with the opinion.