Joseph A. Cox, S.
The executors’ final accounting relates only to a recovery in a wrongful death action. Objections have been filed to the fee requested by the executors’ attorney and dispute has arisen as to the allocation of the proceeds of the action between the decedent’s widow and his infant child.
The decedent and other passengers in a commercial air line plane met death as the result of the collision of that plane with another. Jurisdictional problems existed as to the venue of the cause of action arising from the accident and there were difficult questions of legal liability. Agreement was reached by the various parties plaintiff and the defendants that a so-called test case be tried and, after prolonged litigation, that case, to which the executor herein was not a party, resulted in a determination of liability and left open only a question of damages with respect to the action for this decedent’s wrongful death. It was agreed that counsel for the plaintiff in the test case would receive a portion of any later recovery by this estate and the parties to this proceeding do not challenge the payment of that amount.
The attorney for the executors requests a fee of 40% of the recovery, which fee is to include his own legal services, the services of other counsel engaged to assist him and the services of the attorney in the test case. The court fixes the fee upon a quantum meruit basis which, under the circumstances, is found to be one third of the amount recovered.
The attorneys for the general guardian of the infant also seek a fee for services in the death action. The court is of the opinion that any participation by these attorneys in conferences and in settlement negotiations was for the particular protection of their client and compensation for such services may not be charged against the gross recovery. The court makes no determination as to the propriety of an application by these attorneys for compensation in an appropriate proceeding in the infant’s estate. The attorneys for the general guardian may ask compensation for their services in the instant proceeding and allowance thereof will be taxed as costs.
*813 There is a strong divergence of opinion as to the allocation of the death action recovery. The decedent’s widow is his second wife and the infant is the issue of his first marriage. While the general guardian suggests that the District of Columbia Statute of Distribution be employed as a basis for allocation, it was the understanding of the parties at the time of settlement that allocation be left to this court. On the other hand, the widow urges that because the obligation of the decedent to his child was fixed in his lifetime by a separation agreement, the participation of the infant in the death action recovery should be limited comparably. The court does not regard the minimal legal obligation under the separation agreement either as a measure of the father’s affection for his child or as a rigid fixation of his obligation to the child (cf. Domestic Relations Court Act, § 137). Neither does the court consider certain insurance benefits, whether or not such benefits were in lieu of payment under the separation agreement, as controlling or affecting the instant problem. Evidence was introduced both as to the adoption of the child and as to the remarriage of the decedent’s widow but a court in fixing damages and in apportioning a recovery among the kin looks at the circumstances existing at the date of death and disregards fortuitous benefits accruing after that date (Lees v. New York Cons. R. R. Co., 109 Misc. 608, affd. 193 App. Div. 882; Duffy v. City of New York, 16 Misc 2d 1015, 1019, mod. on other grounds 7 A D 2d 988; The City of Rome, 48 F. 2d 333; Matter of Dell’Aquilla v. Chapman, 193 Misc. 282; Restatement, Torts, § 925, comment h).
The courts in this jurisdiction have adopted a rule of allocation which, in the absence of any special basis for dependency, has been found fair and equitable. There were, to the mind of this, court, no special circumstances existing at the time of this decedent’s death to indicate any reason for departure from the generally accepted method of apportionment and, accordingly, allocation will be made on the basis of the infant’s minority and the decedent’s life expectancy (Matter of Kaiser, 198 Misc. 582; Matter of Vogel, 12 Misc 2d 237). Under such allocation the widow is entitled to 69% of the recovery and the infant is entitled to 31% thereof.
Submit decree on notice.