Piersost R. Hildreth, S.
Application for leave to compromise a cause of action for wrongful death is granted for the amount of $60,000, as set forth in the petition. Compensation of counsel for services in connection with the action including execution of the decree herein is allowed in the amount requested together with disbursements of $82.93. Petitioner’s claim for reimbursement of funeral, hospital and medical expenses is allowed in the amounts set forth in the petition.
Decedent died as a result of a motor vehicle accident. He was survived by his wife who was then 19 years of age, and by a posthumous child. Petitioner as the administratrix of decedent’s estate also asks the court to determine the proportions in which the net proceeds of the recovery shall be distributed as between the decedent’s surviving widow and his surviving infant child. The only factor which might alter the normal distribution is that in this case the wife remarried between the date of her husband’s death and the date of the recovery of damages for his wrongful death. The question is raised whether that affects the determination of the pecuniary loss of either the wife or infant and the proportional allocation between them.
The damages recovered in an action for wrongful death represent the “ fair and just compensation for the pecuniary injuries, resulting from the decedent’s death, to the person or persons, for whose benefit the action is brought. ’ ’ (Decedent Estate Law, § 132.) Such persons here are the surviving wife and next of kin. (Decedent Estate Law, § 130.) Next of kin are those entitled to distribution of intestate personal property (Decedent Estate Law, § 134) which in this case means decedent’s posthumous child (Decedent Estate Law, § 83, subds. 1,12). The damages are then distributed pursuant to section 133 of the Decedent Estate Law to the persons for whose benefit the action is brought, ‘ ‘ in proportion to the pecuniary injuries suffered, the proportions to be determined upon notice to all interested parties in such manner as the court shall deem proper ’ ’.
In the absence of proof of any circumstances which might warrant a different allocation, the recovery, in a situation like this one, would normally be proportioned between the surviving wife, according to her own or her deceased husband’s life expectancy, whichever is less, and the infant child according to the period of its minority. (Matter of Kaiser, 198 Misc. 582; Matter of Uravic, 142 Misc. 775.) The TJravic case states that by reason of decedent’s death there is a presumption of pecuniary loss to a surviving wife and minor children whom decedent was under obligation to support. In discussing the determination of respective loss to claimants based on depend *786 ency the court in the TJravio case also indicates that all facts bearing upon the dependency and loss which occur up to the moment of the actual award are relevant in deciding the extent of the loss.
The special guardian for the infant child in the instant case submits that the fact of such remarriage has, or should have, the effect of reducing the amount of the pecuniary loss suffered by the wife and thus reduce the proportion of the recovery to which she would otherwise be entitled. Presumably, the basis of such contention is that the wife now has a husband who is obligated to support her, and so her pecuniary loss from her first husband’s death has been reduced or minimized. In a wrongful death situation where a surviving wife dies after her husband but before verdict, her pecuniary loss, at least to the extent that it is based upon loss of support, is limited to the period between her husband’s death and her own death. (Sider v. General Elec. Co., 235 N. Y. 64.) The reason given for such rule is that when an event happens before actual assessment of damages which enables damages to be ascertained on an actual rather than upon a speculative basis, such event must be taken into account in determining the actual damages. Thus, the court states in the Sider case that the wife’s damage from loss of support can only continue for her life, that the duration of life is uncertain so damages are usually speculative and of necessity determined by circumstances and probabilities. But when death removes uncertainty as to the period of duration of life, then the damages based on loss of support must be fixed with regard to the actual duration of life if that period is known before verdict or recovery. Such rule limiting damage to the period between decedent’s death and a wife’s death was also applied in Dibble v. Whipple (281 N. Y. 247).
The court does not consider that such rule is applicable to an event such as a remarriage before verdict or recovery. If it be argued that the loss to the wife as measured by the loss of support from death of her first husband is affected by the remarriage giving her a new husband obligated to support her, the same can be said as to the child who has acquired a stepfather who may have an obligation to support the child. (Social Welfare Law, § 101; Code Crim. Pro., § 914; Penal Law, § 482.) To calculate the effect of remarriage in pecuniary terms is to engage in pure speculation. That a spouse may have independent income does not make pecuniary loss any less. (Matter of Frank, 286 App. Div. 986.) Furthermore, dependency is not the only basis for consideration in determining pecuniary loss from wrongful death. (Gross v. Abraham, 306 N. Y. 525.)
*787 In wrongful death cases where the effect of a remarriage upon damage has been mentioned, the rule appears to be that the remarriage per se is either not to be considered at all or has no effect. In Lees v. New York Consolidated R. R. Co. (109 Misc. 608) decedent was survived by her minor child and a husband who remarried before trial. The court in denying a motion to set aside the verdict as excessive also held that there was no error in a charge that the husband’s remarriage could not be considered by the jury in reduction or mitigation of damage. Dicta in Murmann v. New York, N. H. & H. R. R. Co. (233 App. Div. 446) indicates that remarriage of a widow does not affect her pecuniary loss. Likewise in Matter of Saxe (21 Misc 2d 811) the court indicates that remarriage is a fortuitous circumstance to be disregarded insofar as it may affect benefits accruing at decedent’s death, and that unless other special circumstances exist the general method of allocation between a surviving wife and minor child based on life expectancy and minority will be followed.
Accordingly, the court determines that the net recovery here be distributed to the surviving wife and minor child in accordance with section 133 of the Decedent Estate Law under the formula in Matter of Kaiser (198 Misc. 582) with life expectancy computed under the United States Life Tables. The proportions so determined are 70.36% to the wife, and 29.64% to the child. Shares may be paid to respective general guardians if appointed and duly qualified within 60 days of decree.