John M. Keane, S.
On the night of June 26, 1964 Harry Schweckendieck was driving his car south from Whitney Point with his wife, Lucille, their four children and a niece, to his home in Johnson City. Suddenly a drag racer appeared out of the darkness and crashed head-on into his car. Lucille Schweckendieck lost her life. Her husband and children were injured.
The personal injury and wrongful death actions were settled in Supreme Court. A settlement of $10,000, after payment of attorneys’ fees and disbursements, was made in the wrongful death action. The Supreme Court returned the matter to this court for an allocation of the $10,000 among the husband and children.
Of the children, Harry Schweckendieck, Jr., was most severely injured. His settlement for personal injuries was the largest among the children. While the present prognosis seems favorable, he did suffer a skull fracture.
*810 Harry Schweckendieck proposed an allocation of $5,000 to himself, $2,000 to Harry, Jr., and $1,000 to each of the other three children. With this proposal the petitioner proposed to waive reimbursement of the funeral bill of $809.20 and his commissions of $400.
One more factor must be considered. Harry Schweckendieck remarried on August 12,1967. The order of the Supreme Court settling the various actions was made on September 6, 1967. Subsequently this proceeding came on for a hearing in this court.
The guardian ad litem objects to the allocation proposed by Harry Schweckendieck. He also objects to an allocation based on the rationale of Matter of Kaiser (198 Misc. 582 [1950]) because Harry Schweckendieck had remarried before the settlement in Supreme Court and the allocation in this court.
The decedent worked in outside employment. So does the second wife of Harry Schweckendieck. The guardian ad litem argues that the pecuniary loss to the husband was his wife’s services as housekeeper and mother for their children. By remarriage, he argues that an actuarial estimate of her loss has now been made certain. The loss would be for slightly over the three years between the accident and remarriage.
The argument is analogous to the concept in taxation where a charitable deduction depends on an intervening life estate. An actuarial table would ordinarily be used but if actual health indicated a shorter expectancy — and consequently a larger charitable deduction — proof is now permitted of actual health to support a claim for a shorter life estate.
The facts here are similar to Matter of Giambertone (38 Misc 2d 784 [1963]). Mr. Surrogate Hildreth sets forth a clear exposition of the problem and justification for not considering the fact of remarriage in making an allocation. The guardian ad litem seeks to distinguish the Giambertone decision because there approval was sought both for the amount of the settlement and for. the allocation while in this proceeding only the allocation is involved. The fact that the settlement was approved in the Supreme Court and the allocation in this court does not affect the rationale of the Giambertone decision which this court follows.
Before making the allocation, there shall be reimbursed to Harry Schweckendieck funeral expenses of $809.20 and his commissions of $367.63. In addition, $500 shall be allocated to Harry Schweckendieck, Jr., because of the nature of his injuries. The balance shall be allocated as follows: Harry Schweckendieck 37.01%; Harry Schweckendieck, Jr., 14.05%; Mary Lou
*811 Schweckendieck 14.92%; Sharon Schweckendieck 15.80%, and Lucille Helen Schweckendieck 18.22%. (Matter of Kaiser, supra.)
The shares payable to the infants shall be deposited with the funds received from the personal injury actions and be subject to the restrictions under which those funds are held.