Argued June 19, affirmed July 16, 1973

GRANT, *Appellant, v.* MULTNOMAH COUNTY
ET AL (No. 372-705), *Respondents.*

511 P2d 1278

*Michael Esler,* Portland, argued the cause for appellant. On the brief were David W. Harper and Keane, Haessler, Harper, Pearlman and Copeland, Portland.

*Paul G. Mackey,* Deputy County Counsel, Portland, argued the cause for respondents. With him on the brief was Charles S. Evans, County Counsel, Portland.

Before Schwab, Chief Judge, and Langtry and Fort, Judges.

FORT, J.

Plaintiff seeks by this declaratory judgment action a declaration that he and other employes of the department of judicial administration performing functions similar to his own are entitled to be under the same retirement system as are the sworn law enforcement officers who are employed in the department of public safety. This is an appeal by him from an order entered in that proceeding adverse to him and dismissing the suit.

Oregon Constitution, Art VI, § 10, provides in part:

"* * * A county charter may provide for the exercise by the county of authority over matters of county concern * * * *shall prescribe the organization* of the county government and *shall provide*

directly, or by its authority, for the number, election or *appointment,* qualifications, tenure, compensation, *powers and duties of such officers* as the county deems necessary. Such officers shall among them exercise all the powers and perform all the duties, *as distributed by the charter* or by its authority, now or hereafter, by the Constitution or laws of this state, granted to or imposed upon any county officer. * * *" (Emphasis supplied.)

Multnomah County by a vote of the people adopted a new county charter effective January 1, 1967. Among its provisions the charter declared the powers of the county "not vested by the charter elsewhere" vested in the board of county commissioners, with discretion to delegate such powers.

Also, at § 2.10, general authority "over matters of county concern" was granted

"* * * to the fullest extent granted or allowed by the constitutions and laws of the United States and the State of Oregon, as fully as though each particular power comprised in that general authority were specifically listed in the charter."

As to creation of administrative departments within the government structure, § 6.30 (1) dictates that "* * * the board of county commissioners * * * shall prescribe the functions of each administrative department of the county * * *." And, at § 6.30 (2) (a), establishing the department of judicial administration, it provided that department would

"* * * have the *clerical and ministerial functions* prescribed by state law for the county clerk, district court clerk, sheriff, and constable with reference to administration of the courts, *except the service and execution of court orders in criminal and quasi-criminal* cases;" (Emphasis supplied.)

Ordinance No. 5 was adopted by the board creating the department of judicial administration declaring those functions, "ministerial and clerical," previously performed by the sheriff to thereafter be the duty of the civilian employes of the judicial administration department. The sheriff's law enforcement duties were delegated to the department of public safety.

Subsequently the county created, by Ordinance Nos. 25 and 29, provisions for retirement benefits for sworn law enforcement officers. Plaintiff contends these benefits are significantly greater than those provided generally by the county for other governmental employes.

His contention is based upon the fact that prior to adoption of the county charter the sheriff, in addition to his law enforcement and tax collector duties, was also responsible for the service of civil process for both the circuit and the district courts. He argues that since under the former charter he was a deputy in the sheriff's office, although operating exclusively in its civil division and engaging solely in the performance of noncriminal functions, the board of county commissioners could not lawfully deny to him the retirement benefits it made available to the sworn law enforcement officers employed by the department of public safety to which the law enforcement deputies had been transferred under the new charter.

We note first that plaintiff concedes he has no vested right in the retirement fund the county has now provided for sworn law enforcement officers serving in the department of public safety, since that fund was created after the present charter was adopted,

nor does he contend that he has contributed any payments into that fund. Thus the rule of *Adams v. Schrunk,* 6 Or App 580, 488 P2d 831, Sup Ct *review denied* (1971), has no application here.

■■ He urges, however, that he is by reason of his duties a *de facto* law enforcement officer and thus that the county is required to treat him as a *de jure* sworn law enforcement officer, even though it has placed the duties which he performs under a separate department of county government, that of the department of judicial administration by which he is employed. Accordingly, he concludes that he is entitled to the same retirement benefits as a sworn law enforcement officer employed by the department of public safety. We disagree. We think § 6.30 (2) (a) of the 1967 charter creating the department of judicial administration clearly intended to separate administratively "the clerical and ministerial functions prescribed by state law for the county clerk, district court clerk, sheriff, and constable with reference to administration of the courts" from the duties and responsibilities performed by the sworn law enforcement officers employed by the department of public safety. This view is reenforced by the fact that § 6.30 (2) (a) expressly excepts from the duties of the department of judicial administration "the service and execution of court orders in criminal and quasi-criminal cases." Manifestly the classification is a reasonable one. *See,* Annotation, 163 ALR 870 (1946).

■ While it is true as the Supreme Court stated in *Blalock v. City of Portland et al,* 206 Or 74, 78, 291 P2d 218 (1955):

"The courts are in general agreement that pension statutes are to be liberally construed. * * *,"

it is also true that

> "* * * the courts may not so interpret such statutes as to include those persons not plainly within the legislative intent." 60 Am Jur 2d 881, Pensions and Retirement Funds, § 4.

*See also: Burks v. Board of Trustees,* 214 Ga 251, 104 SE2d 225 (1958); *Borden v. World War II Serv. Comp. Bd.,* 243 Iowa 892, 54 NW2d 496 (1952). The trial court correctly concluded that the plaintiff has no rights under the retirement fund for Multnomah County law enforcement officers employed by the department of public safety.

Plaintiff's remaining contention is without merit.

Affirmed.