**Patrick Harley SEMPLE, Appellee,**

v.

**VIETNAM SERVICE COMPENSATION BOARD, Appellant.**

**No. 60128.**

Supreme Court of Iowa.

Feb. 22, 1978.

Richard C. Turner, Atty. Gen., Stephen C. Robinson, Sp. Asst. Atty. Gen., and Bruce W. Foudree, Asst. Atty. Gen., for appellant.

Gordon E. Allen and Leslie Babich, Des Moines, for appellee.

Considered by MOORE, C. J., and Le-GRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

HARRIS, Justice.

The narrow question controlling this appeal is one of statutory construction. The trial court determined plaintiff had not "refused * * * to subject himself to military discipline" so as to bar his entitlement to a veterans' bonus under § 35C.1, The Code. Under the undisputed facts we agree and affirmed the trial court.

Patrick Harley Semple enlisted in the United States Air Force on December 3, 1969 and thereafter served nearly two years. There is no indication Semple's service was in any way unsatisfactory. During the two years he rose to rank of sergeant. Semple lost no time during his military service as a result of disciplinary procedures.

Prior to expiration of his enlistment Semple applied for and received an honorable discharge from military service. Semple's basis for seeking discharge was that, subsequent to his entry into the service, he had become a conscientious objector. He could make such a claim because of a change in the law. By reason of the holding of the United States Supreme Court in *Welsh v. United States*, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970) conscientious objector status could, for the first time, be claimed on the basis of moral opposition to all war. Semple's honorable discharge was granted, for the convenience of the government, on that ground.

According to the record we must assume: (1) Semple never refused to obey a military order; (2) he performed all duties assigned to him; and (3) his discharge was issued lawfully and in the ordinary manner.

I.   Chapter 35C, The Code, provides a veterans' bonus for Iowans who served in the armed forces of the United States during the Vietnam conflict. The provisions of chapter 35C follow a pattern of bonuses for Iowa veterans of prior wars. See chapter 35A, The Code (World War II) and chapter 35B, The Code (Korean Veterans' Bonus).

Section 35C.1 explains in detail what persons are entitled to receive compensation under the chapter. A number of specific exclusions are provided. One such exclusion is the subject of this controversy. A sentence of § 35C.1 provides: " * * * A person shall not be entitled to such compensation who being in the service of the armed forces of the United States, subsequent to July 1, 1958 refused on conscientious, political, religious, or other grounds to subject himself to military discipline. * *."

There is no question Semple's discharge was the result of his conscientious objection to war. The question is whether Semple's application for and receipt of his discharge amounted to a refusal on his part to subject himself to military discipline.

Statutes granting bonuses for military service are to be liberally construed in

favor of those entitled to benefits. *Eastman v. World War II Serv. Comp. Bd.*, 244 Iowa 1391, 1393, 60 N.W.2d 856, 857 (1954). Under a liberal construction we do not find a refusal on the part of Semple to subject himself to military discipline. Semple sought his discharge through the authorized procedure and on recognized grounds. We have no reason to believe, on the basis of Semple's prior service, that he would have refused to continue in military service had his application for discharge been denied.

Because there was no showing of a refusal on Semple's part to remain subject to military discipline his conduct does not fall under the exclusion above quoted. The trial court was right in so holding.

AFFIRMED.