IDA M. DIBBLE, as Administratrix de Bonis Non of the Estate of ERVIN L. ALLEN, Deceased, Respondent, *v.* FRED WHIPPLE, Appellant.

Argued June 2, 1939; decided July 11, 1939.

*Max H. Zuckerman* and *Henry H. Koblintz* for appellant.

*Clyde H. Proper* and *Edward A. Dox* for respondent.

FINCH, J.  This is an action to recover damages for the death of a passenger, due to the negligent operation of an automobile owned and driven by defendant.  The questions presented involve the correct measure of damages, and whether an amendment of a statute allowing, as an element of damage, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death, and the reasonable funeral expenses, should be applied in a suit pending at the time the statute was amended.

Ervin L. Allen was a passenger in an automobile owned and driven by defendant, which overturned on the 20th day of September, 1932, causing injuries to Ervin L. Allen from which he died on the 2d of March, 1933.  The action was

commenced in December, 1933, and tried and judgment entered in April, 1937. At the time of the death of decedent on March 2, 1933, the statute provided in brief that the amount of recovery should be the fair and just compensation for the pecuniary injuries resulting from the death of decedent to those for whose benefit the action was brought, with interest added to the verdict from the day of the death of decedent. (Decedent Estate Law [Cons. Laws, ch. 13], § 132.). By amendment (L. 1935, ch. 224), in effect March 25, 1935, a new sentence was added to this statute, reading as follows: " In every such action now or hereafter pending, in addition to any other lawful element of the damages recoverable, the reasonable expenses of medical aid, nursing and attention incident to the injury causing death paid by the decedent or by a person entitled to the whole or a distributive share of the moneys recovered or for the payment of which such decedent or person is personally responsible, and the reasonable funeral expenses of the decedent, also shall be deemed proper elements of damage."

Upon the trial of the action, the court allowed in evidence proof of the funeral expenses and the hospital and medical bills.

Taking up first the proper measure of damage, it appears that Ervin L. Allen had no children. He was survived at the time of his death by his wife, Estelle Allen. She died April 26, 1935. On the trial of the action, the court permitted in evidence a portion of the American Experience Tables of Mortality showing that in a man of seventy, being the age of decedent, the expectancy would be 8.84 years, and charged the jury that the pecuniary loss of plaintiff, as administratrix *de bonis non* of the goods, chattels and credits of Ervin L. Allen, deceased, might be measured by this mortality table. This was error, requiring a reversal. A table of mortality may be used as some evidence of damage where facts are not available showing the actual damage which has happened. But where facts are available showing the actual damage suffered, the testimony should be confined to the pecuniary loss sustained by the widow

between the time of the death of her husband and her own death. (*Sider* v. *General Electric Co.*, 238 N. Y. 64.)

In reference to the admission of proof and the recovery, for funeral expenses and hospital and medical bills, no error was committed. By the express terms of the statute, the amendment permitting the recovery, as an element of damage of the reasonable expenses of medical aid, nursing and attention and the reasonable funeral expenses, is permitted in every *pending* action. The action in the case at bar was pending, and no contention is urged that the language of the amendment should not be given its full effect.

Defendant urges that the injuries sustained in the accident were not proven to be the proximate cause of death. This constituted a question of fact to be determined by the jury. The verdict of the jury decided this issue in favor of plaintiff and it cannot be said that there is no evidence in support thereof.

It follows that the judgments appealed from should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.