John D. Bennett, S.
This is a petition by the administratrix to approve the settlement of a personal injury and wrongful death action and to provide for the distribution of the proceeds.
The decedent was involved in an automobile accident on August 23, 1963 at approximately 12:00 p.m., wherein he allegedly sustained a compound fracture of the left elbow and a contusion of his left chest. He was hospitalized about one hour after the accident and expired there two hours after admission as a result of irreversible traumatic shock.
The petitioner is the decedent’s second wife who requests that the court approve the compromise of the action for conscious pain and suffering for $2,500 and the cause of action for wrongful death for $115,000, a total of $117,500. She further petitions that distribution of the net recovery be made between herself and her son, an issue of her marriage with the decedent, in accordance with Matter of Kaiser (198 Misc. 582).
The decedent also had a son by a previous marriage who was adopted by the decedent’s former wife’s present husband on the consent of the decedent. His special guardian objects to the settlement on the ground that the distribution requested does not provide for his ward.
*1031 Objections to the proposed petition have also been filed by claimants of the decedent who contend that the funds allocated for the personal injury action are inadequate and that the apportionment of the total funds offered for settlement was so designed as to prevent creditors of the decedent from collecting moneys owed to them.
All parties agree that the adopted child has a right to inherit from his father’s estate since the amendment of section 117 of the Domestic Relations Law (L. 1963, ch. 406, eff. March 1, 1964) did not take effect until after the decedent’s death. However, the petitioner contends that the adopted child is not a beneficiary in the wrongful death action recovery since the decedent, as a result of the adoption, was not obligated to support the child and because the child has not sustained pecuniary damage.
The special guardian contends that despite the fact that the decedent was not legally obligated to support the child, he nevertheless made regular gifts of toys, clothing and money of which the child will no longer be the beneficiary. In addition thereto, the special guardian contends that the decedent planned to see to it that the child receive an education so as to enable him to become a ‘ ‘ professional man ’ ’.
Section 133 of the Decedent Estate Law provides that the recovery of a wrongful death action is exclusively for the decedent’s spouse and next of kin. The adopted child, at the time of the decedent’s death, was a next of kin of the decedent. The statute further provides that the court is to proportion the recovery to the beneficiaries, as so prescribed, to the extent of the pecuniary injuries suffered by each beneficiary. Subsequent enactment of section 117 of the Domestic Relations Law wherein an adopted child is no longer entitled to share in the estate is irrelevant as to the determination of the extent of the pecuniary loss suffered by the adopted child. The decedent is dead and the subsequent statute in no way affects him. The analogy by the petitioner that this is similar to a case where a widow dies prior to her recovery on a wrongful death action which enables a court to make a determination as to her actual pecuniary loss rather than to have to speculate and use mortality tables, is not well taken.
The adopted child need not have been dependent upon the decedent to share in the recovery. All that need be shown is that the child is a next of kin and suffered a pecuniary loss (Gross v. Abraham, 306 N. Y. 525).
Accordingly this matter will be on the calendar on February 9, 1966 at 9:30 a,m,, for the purpose of fixing a hearing date to *1032 determine whether or not the child in question sustained a pecuniary loss so as to entitle him to share in the proceeds of the wrongful death recovery and to determine the proper apportionment of the settlement between the personal injury and wrongful death actions.