Henry W. Lengyel, J.
Pursuant to a notice of examination dated March 31, 1966, the State of New York conducted an examination before trial of the claimant herein on May 23, 1966. After the transcript of the examination was completed, counsel for both parties appeared before the court in chambers to obtain rulings on certain questions which were asked but not answered upon advice of counsel. Both counsel requested an opportunity to present law relative to their respective positions.
The objectionable questions, all of which were propounded for the purpose of the reduction or mitigation of damages, break down into three broad categories, as follows:
1. Questions relative to the widow’s remarriage and the support provided by her new husband.
2. Questions relative to the adoption of deceased’s seven children by the widow’s new husband and the support and parental care, guidance, etc., provided said children by the new husband.
3. Questions relative to social security payments received by the widow and seven children and the assets of the deceased’s estate.
On the subject of remarriage we point to Riley v. Capital Airlines (42 Misc 2d 194, 205-206) wherein the court stated: “ Evidence was offered by defendant that Kathleen N. Riley, widow of the deceased * * * had remarried since the death of the deceased. Objection to the admission of this evidence was made by defendant. * * * We are of the opinion that such evidence is inadmissible.” On the subject of remarriage and of *993 the adoption of the children, we believe Matter of Saxe (21 Misc 2d 811, 813) states the controlling law in New York: “ Evidence was introduced both as to the adoption of the child and as to the remarriage of the decedent’s widow but a court in fixing damages * * * looks at the circumstances existing at the date of death and disregards fortuitous benefits accruing after that date.” (See, also, Finkel v. State of New York, 37 Misc 2d 757.)
The questions relative to social security payments are clearly inadmissible under the collateral source doctrine. In FLealy v. Rennert (9 N Y 2d 202, 206) the Court of Appeals set forth our State’s concurrence with the general rule in the United States to the effect that: “ In most jurisdictions the damages recoverable for a wrong are not diminished by the fact that the party injured has been wholly or partly indemnified for his loss by insurance effected by him and to the procurement of which the wrongdoer did not contribute * * * the prevailing rule seems to be that an injured person may recover for wages lost and medical expenses incurred during his incapacity even though such amounts were supplied by insurance or gratuitously.” (See, also, Cady v. City of New York, 19 A D 2d 822, affd. 14 N Y 2d 660, 662; New York Damages Law, § 1149.)
It is our opinion that the above “ collateral source ” doctrine applies to questions relative to assets of the decedent’s estate when such questions are directed to mitigation or reduction of damages rather than the decedent’s financial earning capacity. In this claim the decedent’s income tax returns were made available to the State and it should not be permitted to inquire, under the guise of establishing financial earning capacity, into collateral revenue as developed in decedent’s estate tax return.
The State relied upon several cases to substantiate its position that the evidence of remarriage was admissible, i.e., Dibble v. Whipple (281 N. Y. 247); Sider v. General Elec. Co. (238 N. Y. 64) and Pitkin v. New York Cent. & Hudson Riv. R. R. Co. (94 App. Div. 31). All of those eases can be distinguished on their facts. Particularly note that in those cases no element of uncertainty remained as to possible pecuniary loss. Certainly remarriage and/or adoption do not remove the elements of uncertainty. The State also relied upon Radley v. Leray Paper Co. (214 N. Y. 32) but we disagree with the Assistant Attorney-General’s evaluation of said case.
The evidence sought to be obtained by the questions outlined above was inadmissible for the reasons stated. We, therefore, sustain claimant’s counsel’s objections to said questions.
Although the proceedings in chambers were informally brought before the court, a transcript was made of counsel’s *994 oral arguments. We direct that, unless counsel stipulate otherwise, such transcript and our ruling be made a part of the transcript of the examination before trial. Our ruling, of course, relates solely to the examination before trial and does not establish the law of the case for trial purposes.