■ Mary E. Luddy, as Executrix of Robert P. Luddy, Deceased, Respondent, v. State of New York, Appellant. (Claim No. 42938.) — Memorandum by the Court. Appeal by the State from a judgment of the Court of Claims which awarded damages for the death of claimant's testator in a motor vehicle accident found to have been caused by the State's negligence in its construction and maintenance of the State highway known as Route 20 in the Town of Nassau. The trial court found, upon sufficient evidence, that decedent was operating a van truck westerly at a speed of 40 to 45 miles per hour when the right wheel or wheels of the truck engaged a large hole along the north edge of the pavement, causing the truck to leave the pavement; that the truck then

returned to the pavement, out of control, crossed and recrossed the pavement and again entered the north shoulder where its right wheels struck the soft material of the shoulder, after which it returned to the pavement and rolled over, decedent being thrown out of the truck, which came to rest upon him. It was also properly found that the hole, which had been there for at least four to six months, was three feet long, irregular in shape and extended into the pavement approximately six inches; and it was further found that the shoulder material was extremely soft and did not meet State requirements and specifications. The State was found negligent in a number of respects; but it is necessary to note only the findings that it was negligent "in permitting a deception to exist at the accident scene by virtue of inadequate sight distance, the failure to remove old guideposts and the alignment of these with other roadside objects without posting warning signs * * * in failing to post a standard curve sign in advance of the accident curve" and in the construction and maintenance of the highway, including the broken, jagged and saw-tooth pavement and the excessively soft shoulder. It is argued, and it quite clearly appears, that a visual deception was caused by the alignment of two opposite curves on a hill and the unfortunate alignment of roadside objects on the north shoulder, which combined to give the road the appearance of proceeding straight ahead rather than bearing to the left, as it did; the illusion being accentuated by the marked limitation of sight distance, and the hazard existing without suitable, or, indeed, any warning. It is reasonable to assume, as claimant does, that this situation misled decedent and brought him to the edge of the pavement and to the hole into which a wheel or wheels dropped, and then to and upon the excessively soft shoulder, which eventually caused the truck to overturn; but the assumption, however valid, that the visual deception contributed to cause the accident is not essential to the recovery as, absent any warning or other notice, decedent could lawfully and reasonably operate his vehicle at the edge of the pavement. The proof clearly establishes the State's causative negligence and decedent's freedom from contributory negligence proximately causing his injuries and death. The conclusions stated render unnecessary our consideration of claimant's argument that the court erroneously received evidence of a blood test indicating the presence of more than 0.10% of alcohol, over claimant's objections that the test was unauthorized and the report thereof received without proper foundation; and, proximate cause not having been proven, we do not reach appellant's argument that the report indicated negligence as a matter of law. The award of $351,348 was not excessive. Decedent was a successful lawyer, 31 years old. He was survived by his wife, who was 29 years old, and by seven children whose ages ranged from two years to eight years. The proof of the widow's remarriage and of the adoption of the children by her husband was not competent to mitigate the damages. (*Lees* v. *New York Cons. R. R. Co.*, 109 Misc. 608, affd. 193 App. Div. 882; Ann., 30 A. L. R. 121, 124; Restatement, Torts, § 925, *comment* h.) Judgment affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by the court.