■ CATHERINE D. RODAK, as Administratrix of the Estate of GEORGE RODAK, Deceased, Appellant, v. PACKEY FURY et al., Respondents.— Appeal by plaintiff from a judgment of the Supreme Court, Westchester County, dated March 18, 1968, in favor of defendants upon the dismissal of the complaint at the end of plaintiff's case upon a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. No questions of fact were considered on this appeal. The action is by the administratrix of the estate of plaintiff's deceased husband to recover damages for his conscious pain and suffering and for his wrongful death. At the trial conducted before a jury, the following essential facts were established: the deceased was intoxicated and had been observed by defendant Williams lying on the center lane of a 20-foot-wide two-lane highway, at approximately 4:00 A.M.; deceased's elbows were on his knees and his head was bent down; Williams, who had been traveling in an easterly direction, turned his car around and stopped parallel to the decedent; there was a conflict between Williams and defendant Fury as to whether Williams pulled completely off the highway and whether Williams opened the door on the driver's side; Fury, who was proceeding in a westerly direction, passed Williams' automobile and hit the decedent; and Fury stated that he did not see the decedent, but could see the center line, and his headlights enabled him to see for a distance of at least 200 feet. The County Medical Examiner testified that she did not know the actual time of the decedent's death but his injuries were attributable to an accident. At the end of plaintiff's case the court dismissed the complaint on the ground that it would be "sheer guess as to whether  *  *  *  [the deceased] was alive or dead before either of the defendants arrived on the scene." In determining whether a prima facie case has been established in a wrongful death action, the Court of Appeals has said " (1) that in a death case a plaintiff is not held to as high a degree of proof of the cause of action as where an injured plaintiff can himself describe the occurrence  *  *  *  [citing cases], and (2) that where the complaint has been dismissed, the evidence adduced at the trial is to be considered in the aspect most favorable to plaintiff and plaintiff is entitled to the benefit of every favorable inference which can reasonably be drawn from the evidence  *  *  *  [citing cases] " (*Andersen* v. *Bee Line*, 1 N Y 2d 169, 172). It has been recognized "that the proof of the death of a person, known to be once living, is incumbent upon the party who asserts his death; for it is presumed that he still lives, until the contrary be proved" (*Duke of Cumberland* v. *Graves*, 9 Barb. 595, 608, affd. 7 N. Y. 305; see *Young* v. *Shulenberg*, 165 N. Y. 385; *Matter of Shupack*, 158 Misc. 873). While the burden rests upon plaintiff to establish the essentials of her cause of action, she may be aided by presumptions; and, in an action where the alleged perpetrator of the wrong contends that the decedent was already dead when the accident occurred, the presumption against death runs in favor of the plaintiff (cf. *Garrow* v. *State of New York*, 268 App. Div. 534, affd. 294 N. Y. 741; 20 Carmody-Wait, N. Y. Prac., Action for Wrongful Death, § 76, p. 505). Nevertheless, the presumption is merely an inference that can be rebutted by evidence and, in our opinion, it was for the jury to determine if, under the circumstances, the presumption applied (*Matter of Shupack, supra*; Richardson, Evidence [9th ed.], §§ 54–56). We are also of the view that another question of fact exists as to whether the doctrine of last clear chance is applicable (*Button* v. *Hudson Riv. R. R. Co.*, 18 N. Y. 248; 41 N. Y. Jur., Negligence, §§ 72, 73). Intoxication in itself is not negligence as a matter of law but may be considered by the jury with the other facts in the case (*Clarke* v. *City of New York*, 295 N. Y. 861; *Fagan* v. *Atlantic Coast Line R. R. Co.*, 220 N. Y. 301; *Kenney* v. *Rhinelander*, 28 App. Div. 246; *Lynch*

v. *Mayor*, 47 Hun 524; *Olsen* v. *New York Cent. R. R. Co.*, 341 F. 2d 233; Prosser, Torts [2d ed.], § 31, p. 127; 2 Harper & James, Law of Torts [1956 ed.], § 16.7, p. 922–23; Restatement, Torts, 2d, § 283C., comment *d*; 38 Am. Jur., Negligence, § 203). Nevertheless, in a common-law negligence action where the intoxication directly contributed to the injury, it is a bar to recovery (*Monk* v. *Town of New Utrecht*, 104 N. Y. 552; *Fardette* v. *New York & Stamford Ry. Co.*, 190 App. Div. 543; see PJI, 2:20; 2:45 in 1968 Supp.). Furthermore, where only one inference can be drawn under the circumstances, the court may decide as a matter of law whether or not the decedent's inebriated condition substantially contributed to the accident (*Monk* v. *Town of New Utrecht, supra*; *Moyer* v. *Lo Jim Cafe*, 19 A D 2d 523, affd. on other ground 14 N Y 2d 792; *Keefer* v. *Daum*, 262 App. Div. 1044). At bar, the appendix is insufficient to determine as a matter of law whether the decedent was contributorily negligent. Furthermore, at the very least, a question of fact exists as to Fury's awareness of the peril and his ability to have avoided the accident (*Rudman* v. *New York City Tr. Auth.*, 22 N Y 2d 863; *Cruz* v. *Long Is. R. R. Co.*, 28 A D 2d 282). The parties present another issue for determination. Plaintiff commenced the action in the surname of her late husband. She thereafter remarried. Over objection by her counsel, the Trial Judge required her to be sworn in her present name. In our opinion, the Trial Judge erred in so ruling. It is a firmly established principle that the remarriage of a widow after the death of her husband is not taken into consideration in computing the damages recoverable for the wrongful death of the husband (*Murmann* v. *New York, New Haven & Hartford R. R. Co.*, 233 App. Div. 446, revd. on other ground, 258 N. Y. 447; *Lees* v. *New York Cons. R. R. Co.*, 109 Misc. 608, affd. 193 App. Div 882; *Luddy* v. *State of New York*, 50 Misc 2d 992; see, also, 7B Warren's Negligence, Damages, § 6.25, subd [1], pp. 77–82; Speiser, Recovery for Wrongful Death, § 6:12, and cases cited therein). Irrespective of the general principle stated, we are of the view that defense counsel should not be precluded from inquiring of the prospective jurors whether they know or are related to a person having the name of plaintiff's present husband (CPLR 4110, subd. [b]; *Maiello* v. *Johnson*, 18 N Y 2d 826). Here we are not concerned with an issue as to mitigation of damages, but with one involving the qualification of the prospective jurors. Once a prospective juror admits such relationship, defense counsel may request disqualification for cause under CPLR 4110 (subd. [b]). Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.