ESTATE of Eugene Earl **GOLDSTEIN**, Deceased, by its Executrix **Jeannette D. Goldstein**, and **Jeannette D. Goldstein, individually, Plaintiffs**,

v.

The **CELOTEX CORPORATION et al., Defendants.**

No. 69 Civ. 3918.

United States District Court, S. D. New York.

Nov. 3, 1971.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiffs; by David G. Miller, New York City, of counsel.

Alexander, Ash, Schwartz & Cohen, New York City, for defendant Washington Iron Works; by Joseph Arthur Cohen, New York City, of counsel.

GURFEIN, District Judge.

This is an unusual motion by *defendant* Washington Iron Works to amend the caption to change the *plaintiff's* name, suing as Executrix, from "Goldstein" to "Garner." The plaintiff, widow of Eugene Earl Goldstein, who was killed in an accident in February 1968, sues as Executrix of his Estate. She has not remarried. Shortly after her husband's death the plaintiff changed her name to Garner for reasons undisclosed. The defendant Iron Works wants her to sue it under her new name for reasons unexpressed.

Poets, since time immemorial, have conjured with the meaning of names. The Bard of Avon wondered: "What's in a name? That which we call a rose by any other name would smell as sweet." It remains for jury lawyers in negligence cases in our own time to savor the full flavor of a woman's name. They think that when she changes her name upon remarriage juries will be more reluctant to award her substantial damages for the death of her late husband. The Courts have agreed. Her new marital status is irrelevant both as to liability and damages. Juries are, therefore, carefully kept from learning that the widow has remarried.

Here the plaintiff has not remarried, but as she asserts, a juror might think she has if she appears as "Mrs. Garner" in an action that calls for the appearance of a "Mrs. Goldstein."

If the plaintiff had actually remarried, the New York Courts have made it clear that she must be addressed upon the trial only by her former name, not by her new name. See Rodak v. Fury, 31 A.D.2d 816, 298 N.Y.S.2d 50 (3rd Dept. 1969), and cases there cited, a rule we apply in this diversity case. The reason for this is to avoid improper speculation by the jury with respect to damages.

Upon a trial of this action a jury might well be misled into thinking that the plaintiff's change of name signifies a remarriage. To allow rebuttal of the inference would permit the trial needlessly to deal with the irrelevant. It is better, I think, to leave the matter as it stands. Since no harm to the defendant has been shown by letting the caption stand its motion is denied.

So ordered.