■   JEAN H. WOODARD, as Administratrix of the Estate of GAIL WOODARD, Deceased, Appellant-Respondent, v ANASTASIA S. PANCIO et al., Respondents-Appellants.—Order unanimously affirmed, without costs. Memorandum: Plaintiff appeals from an order setting aside a verdict for her in the sum of $30,000 in a wrongful death action and granting a new trial on the issue of damages only. Defendants cross-appeal for failure of the court either to dismiss the complaint or grant a new trial on all issues. The court did not set aside the verdict on the ground of excessiveness, but only because it determined that it committed reversible error bearing on the question of damages in permitting plaintiff, mother of her 12-year-old deceased daughter, over objection, to introduce evidence that the child's father died two and one-half years after the death of the child and, more particularly, that had the child survived the father she would have received monthly Social Security benefits by reason of the father's death in the sum of $309.53 until the child reached 18 years of age and, additionally, that if she had lived and continued on to college after her 18th birthday, she would have received $309.53 per month for four more years to assist in her college

education. There was evidence that at the time of the child's death her father was known to be suffering from cancer and reasonably to have less than normal life expectancy. The amount of damages recoverable in an action for wrongful death depends a great deal upon what distributees survive the decedent, their status including the amount of their dependency upon the decedent, and the probable benefits that they would have received from the decedent except for the death, and hence their probable loss by reason thereof; and the date of death is the date for determining such distributees (see EPTL 5-4.1, 5-4.4; *Reed v County of Schoharie,* 51 AD2d 499; *Pitkin v New York Cent. & Hudson Riv. R. R. Co.,* 94 App Div 31; 1 NY PJI2d 684-685). Thus, the fact that a potentially dependent distributee later marries is not admissible in evidence *(Luddy v State of New York,* 30 AD2d 993, affd 25 NY2d 773; and see *Lawler v Nucastle Motors Leasing,* 35 AD2d 450; *Rodak v Fury,* 31 AD2d 816). Nonetheless, somewhat inconsistent with the latter principle, the fact that a dependent distributee dies before the trial of the wrongful death action may be proved, because the death removes all doubt of the life expectancy of such beneficiary, which otherwise must be estimated *(Dibble v Whipple,* 281 NY 247; *Pitkin v New York Cent. & Hudson Riv. R. R. Co.,* 94 App Div 31, 36, *supra),* for on the question of damages the life expectancy must be proved not only of the decedent but also of the dependents *(Bishin v New York Cent. R. R. Co.,* 20 AD2d 921). In the case at bar, however, plaintiff did not offer proof of the father's subsequent death to show a limitation on the years that he would have potential financial benefit from his daughter had she lived, but to show that his death would have enhanced her estate by the extent of Social Security benefits which would then have accrued to the daughter had she lived. The effect of this would be, on her death, to benefit the other surviving distributee or distributees of the deceased child. The theory of an action for damages for wrongful death is that, had the deceased lived, those whom she would normally have assisted would have received benefits of which her death has deprived them. To permit the evidence received in this case would be a vast extension of the principle of *Dibble v Whipple (supra),* and would open a new area for proof and speculation concerning financial benefits which would or might have accrued to the decedent had she lived, thus enlarging her estate for the benefit of other distributees because of her premature death. This evidence would be unrelated to the determination of the duration of the dependency of such decedent's distributees. By the very nature of the Social Security benefits which would have been paid to the child on her father's death had she lived, they are only support payments in lieu of the support which her father presumably would have furnished to her had he lived, and they would terminate upon her premature death. Thus, it is contemplated that such payments would have been used up currently as received, and there is no reason to believe that they would have enhanced the child's estate. It would be pure speculation to conclude otherwise. The admission of such evidence in cases of this sort would lead to proof not only of what benefits distributees might expect based upon the apparent character and ability of the deceased, but what possible enlargements of such deceased's estate from outside sources the distributees could prove for consideration by the jury. The error in this case was especially acute because it permitted the jury to consider that the deceased child, had she lived and gone to college for four years, would also have received $309.53 per month for 48 additional months, totaling $14,857.44. Considering the expense of attending college, it was pure speculation whether any of such receipts would have been available for use by the child to assist any

dependent relative; and, of course, it was speculative that she would have gone to college. Trial Term, therefore, properly set aside the verdict because of the receipt of such evidence. We find no merit in the cross appeal. There were clearly questions of fact for the jury as to negligence and contributory negligence, and Trial Term acted within its discretion in limiting the new trial to the matter of damages. (Appeals from order of Cattaraugus Supreme Court—wrongful death.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.