OPINION OF THE COURT
Edward M. Horey, S.
The petition before the court is for the appointment of a special administrator under EPTL 5-4.1 to bring an action for the wrongful death of the decedent one William J. Heverly.
Critical to the issues to be resolved is the following unusual and complicated fact pattern.
The decedent William J. Heverly entered into a first marriage on November 13, 1939 with one Lois Steinberg. She became the first Mrs. Heverly. A daughter named Lillian Heverly was born of the first marriage between the decedent and Lois Steinberg Heverly.
Lois Steinberg Heverly secured a decree of divorce from the decedent William Joseph Heverly on June 29, 1945.
Subsequently Lois Steinberg Heverly married a man named Robert S. Biggard. Following the marriage, Robert S. Biggard adopted Lillian Heverly on the 9th day of July, 1947.
*926 Later, the decedent William J. Heverly also remarried. He married one Laura Winship. No children were born of this marriage.
Still later, the decedent William J. Heverly was divorced by Laura Winship Heverly. Following her divorce she returned to the use of her maiden name, Laura Winship.
On January 31,1981, while in the company of his second former wife, Laura Winship, the decedent was killed in an automobile accident in Clearfield County, Pennsylvania. The accident was a one car collision. The operator of that automobile was Laura Winship, the second divorced wife of the decedent.
The decedent William Heverly left a last will and testament. In that will he nominated as the executrix of his estate his second former wife, Laura Winship. The will has been admitted to probate and letters testamentary have issued to the second former wife, Laura Winship. Understandably, since she will be the party defendant, she has declined to institute an action for the wrongful death of the decedent.
A brother of the decedent, one Joseph Heverly, now seeks limited letters of administration of his estate for the sole purpose of prosecuting an action for the wrongful death of the decedent. In connection with the application of the decedent’s brother for letters of administration for the sole purpose of prosecuting the action for wrongful death, as well as in connection with the probate of the will of the decedent, this court appointed attorney Joseph C. Dwyer as guardian ad litem for unknowns. It was in the course of this guardian ad litem’s detailed investigation that it was disclosed for the first time that the decedent did in fact have a daughter by his first marriage and that that daughter was subsequently adopted by the natural mother’s second husband, all as previously recounted. The tenacity and dedication of the guardian ad litem’s service merits commendation. So also does his ingenuity.
It is the contention of the guardian ad litem at this time that it is the daughter of the decedent by his first marriage, who was later adopted, that should be appointed as the special administrator to prosecute the action for wrongful *927 death of the decedent. This contention by the guardian ad litem is supported by his further contention that it is this daughter of the first marriage that is the only distributee authorized to participate in the proceeds of the wrongful death of the decedent.
The basis of the contentions of the guardian ad litem lie in the fact that the adoption of decedent’s daughter occurred in 1947 at a time when the law in the State of New York provided that adopted children could inherit from both the natural parents and the adoptive parents. As a consequence of that state of the law, the guardian ad litem argues that the adopted daughter of the decedent was a distributee of her natural father, the decedent, in 1947, and as such then, should now, presently, be considered the only distributee of the decedent entitled to share in the proceeds of his wrongful death and, thus, be considered as the proper party to whom special letters of administration should be granted to pursue qn action for his wrongful death. Any other or different treatment, it is contended, would be to give retroactive effect to changes effected in the law of inheritance after 1947. Such action would be illegal, if not unconstitutional asserts the guardian.
A review of the history of section 117 of the Domestic Relations Law discloses that the guardian ad litem is correct in his analysis of the law of inheritance as it existed in 1947. At that time an adopted child could inherit from his adopted parents, but not through them and could also inherit from his natural parents precisely as if there had been no adoption. (5 Warren’s Heaton, Surrogates’ Courts, § 466, par 1.)
It was the amendment to section 117 of the Domestic Relations Law that was effected by chapter 406 of the Laws of 1963, effective March 1, 1964, that made substantial change to the inheritance rights of adopted children. Under that amendment it was provided that an adopted child would henceforward inherit from his adopted parents and their kindred. At the same time all inheritance by the adopted child from his natural family was terminated. (See history and effect of amendments to Domestic Relations Law, § 117; 5 Warren’s Heaton, Surrogates’ Courts, § 466, par 1 [a].) A post-1963 minor change provided that in the *928 event a natural parent marries, or remarries, and consents to the adoption of a child by a stepparent, the rights of the adopted child to inherit from the consenting natural parent continues. With that exception, the law today is the same as it was following the 1963 amendment, viz., inheritance from natural parents is terminated upon the making of an order of adoption.
A review of the law has disclosed no decided precedent on the issue presented by the guardian ad litem.
In the opinion of the court, where the guardian ad litem is in error is in positing that the rights of inheritance of an adopted child are fixed by the law in effect at the time of the adoption. This is not the case. The effect of an adoption order upon the distribution of a decedent’s estate is governed by the law in effect at the time of the decedent’s death and not by the law in effect at the time of the adoption. (Matter of Trainor, 45 Misc 2d 316, 317; Carpenter v Buffalo Gen. Elec. Co., 213 NY 101; 5 Warren’s Heaton, Surrogates’ Courts, § 466, par 1 [aa].) It is thus not a question of retroactivity, but rather time of statutory application.
Accepting that proposition of law, it is clear that the adopted daughter of the decedent had no rights of inheritance upon the death of the decedent in 1981. As of that date the applicable statute provided and still provides: “The rights of an adoptive child to inheritance and succession from and through his natural parents shall terminate upon the making of the order of adoption”. (Domestic Relations Law, § 117.)
However, the issue for resolution is not technically a right of inheritance. Rather, it is a right to participate in an action for wrongful death of a decedent. This right is a creature of a statute separate and distinct from the statute setting forth rights of descent and distribution. (Cf. EPTL 4-1.1, 5-4.1.)
Thus, we must consider the time at which the right to participate in damages arising from an action for wrongful death accrues. The applicable statute, EPTL 5-4.1, is silent on the matter. It merely provides the persons who may institute the action.
*929 The answer is found in decisional law. In Pitkin v New York Cent. & Hudson Riv. R. R. Co. (94 App Div 31, 35-36) that most eminent of Justices, Hiscock, J., speaking for the Fourth Department, Appellate Division, said: “The right to these damages [i.e., damages for wrongful death] is a right of property which accrues at the moment of the negligent killing and at such moment becomes vested in the beneficiary for whose benefit the action may be maintained.” (Italics added.)
Similarly in Woodard v Pancio (65 AD2d 923, 924) in speaking of an action for wrongful death the court said: “and the date of death is the date for determining such distributees”.
It is thus clear that the distributees of the decedent William Heverly who are entitled to share in the proceeds of an action for his wrongful death are to be determined as of the date of his death, viz., January 31, 1981.
So determined, such distributees are the brothers or sisters or the issue of brothers and sisters of the decedent William Heverly. (EPTL 4-1.1, subd [a], par [7].) The daughter of the decedent is not a distributee from the dual consequences of (1) her adoption prior to decedent’s death and (2) the effective exclusion of any distributable rights to her under the statute in effect at the date of her father’s death.
The decision of Alberino v Long Is. Jewish-Hillside Med. Center (111 Misc 2d 626), while informative is neither contrary to, nor decisive of the issue presented in the case at bar. In that action, in contrast to the one in issue, the parent of the infant had died before the infant’s adoption. Applying the rule that the beneficiaries for proceeds of wrongful death are fixed as of the date of the decedent’s death, the court ruled that the subsequent adoption had no effect upon the child’s rights.
The decision in Matter of Silverstein (48 Misc 2d 1029) while analogous also presents a fact pattern different than .here in issue. There the infant, as in the case at bar, was adopted before the death of the parent, but, unlike the instant case, the adoption was before the 1963 amendment to section 117 of the Domestic Relations Law which terminated the rights of an infant to inherit from a natural *930 parent. The court there also applied the rule that the rights to proceeds of an action for wrongful death were fixed as of the date of the wrongful death and, thus, allowed this adopted infant to participate.
In the opinion of the court, both the Alberino and the Silver stein decisions support, at least inferentially, the conclusion this court has reached.
In the instance when a personal representative cannot or will not institute an action for wrongful death, EPTL 5-4.1 provides that “the distributees are entitled to have an administrator appointed to prosecute the action for their benefit.” As a surviving brother of the decedent the petitioner is a distributee of the decedent under EPTL 4-1.1. The adopted natural daughter is not a distributee. (Domestic Relations Law, § 117; EPTL 4-1.1.) The petition for appointment as a special administrator to bring an action for wrongful death made by Joseph Heverly, with the consent of all other distributees, is granted.