RICHARD F. ALBERINO, as Administrator of the Estate of DEBORAH T., Deceased, et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Defendants, and JOSEPH SCHATTNER et al., Appellants.

Second Department, June 7, 1982

#### APPEARANCES OF COUNSEL

*Martin, Clearwater & Bell* for Joseph Schattner and another, appellants and *Anthony L. Schiavetti (Robert T. Whittaker* of counsel), for Henrietta Wallace, appellant. (One brief.)

*Shayne, Dachs, Stanisci & Harwood (Norman H. Dachs* of counsel), for respondents.

OPINION OF THE COURT

MANGANO, J. P.

■ ■ Two questions are raised on this appeal. First, whether the provisions of section 117 of the Domestic Relations Law divest an infant of his right to recover damages for the wrongful death of his natural parent by reason of the infant's adoption subsequent to the parent's death, but prior to commencement of the wrongful death action? Second, if not so divested, whether proof of the fact of adoption is admissible on the trial of such action? We answer both questions in the negative.[1]

Deborah T. died on February 17, 1975, shortly after the birth of her son Scott. Her husband, Scott's natural father, is presently in a mental institution. Scott has lived with his aunt and uncle since he was about one month old, and was legally adopted by them in June, 1976. This action for the wrongful death of Deborah T., based on the medical malpractice of defendants, was commenced in early 1977.

■ In a wrongful death action, the damages awarded are defined as the "fair and just compensation for the pecuniary injuries resulting from the decedent's death to the persons for whose benefit the action is brought" (EPTL 5-4.3). These damages "are exclusively for the benefit of the decedent's distributees" (EPTL 5-4.4, subd [a]) and their status as distributees is determined as of the date of the decedent's death. (*Woodard v Pancio*, 65 AD2d 923; *Pitkin v New York Cent. & Hudson Riv. R. R. Co.*, 94 App Div 31.) Consequently, a cause of action for wrongful death is a property right belonging solely to the distributees of the decedent, and accrues to the distributees and *vests* in them at decedent's death. (*Western Union Tel. Co. v Cochran*, 277 App Div 625, 630, affd 302 NY 545; *Pitkin v New York Cent. & Hudson Riv. R. R. Co., supra*, pp 35-36.) Thus, where, as here, the decedent's infant child is adopted after the decedent's death, his vested property right in the benefits of a cause of action for his natural parent's wrongful death will not be affected by the termination of his

---

1. Trial Term (111 Misc 2d 626) considered and determined both of these questions pretrial by a procedure analogous to that approved in *Reed v County of Schoharie* (51 AD2d 499).

rights of inheritance and succession from and through his natural parents upon the making of an order of adoption (Domestic Relations Law, § 117, subd 1). The termination of these rights at the time of the adoption cannot operate to deprive the infant of a property right already accrued and vested.

■ Furthermore, we hold that evidence of the adoption of the decedent's son is inadmissible on the trial of this action. Proof of the adoption should not be presented to the jury, because this would allow evidence of an event subsequent to the decedent's death to be interjected, as a mitigating factor, into the jury's consideration and computation of damages. Since damages must be measured as of the date of decedent's death, based, as they are, on the pecuniary loss sustained by the distributee-beneficiary at the time of death, they cannot be affected by subsequent events[2] (see *Murmann v New York, New Haven & Hartford R. R. Co.,* 233 App Div 446, 448, revd on other grounds 258 NY 447), such as the adoption of the decedent's son (*Luddy v State of New York,* 30 AD2d 993, 994, affd 25 NY2d 773; cf. *Lawler v Nucastle Motors Leasing,* 35 AD2d 450, 452; *Rodak v Fury,* 31 AD2d 816, 817.)

Accordingly, the order, insofar as appealed from, should be affirmed.

GULOTTA, THOMPSON and BROWN, JJ., concur.

Order of the Supreme Court, Nassau County, dated November 2, 1981, affirmed insofar as appealed from, with one bill of $50 costs and disbursements.

---

**2.** An exception to this rule occurs when subsequent events, e.g., the death of a distributee-beneficiary before trial of the wrongful death action, have definitely fixed what was theretofore problematical and uncertain. (*Sider v General Elec. Co.,* 203 App Div 443, affd 238 NY 64.) The fact that a distributee-beneficiary dies before trial of such an action may be proved, because the death removes all doubt of the life expectancy of such beneficiary, which otherwise must be estimated. (*Woodard v Pancio,* 65 AD2d 923, 924.)