■ In the Matter of the Estate of ELIZABETH MITTENDORF, Deceased. JOAN KMETZ, Respondent; ROBERT MITTENDORF, Appellant. [600 NYS2d 122] —In a proceeding to revoke letters of

administration, the former administrator, Robert Mittendorf, appeals from a decree of the Surrogate's Court, Queens County (Laurino, S.), dated February 11, 1991, which revoked letters of administration previously issued to him and granted letters of administration to the petitioner.

Ordered that the order is affirmed, with costs payable by the appellant personally.

The decedent, Elizabeth Mittendorf, gave birth to a son in May 1987, and subsequently gave the child up for adoption to the petitioner. While the adoption proceedings were pending, Elizabeth Mittendorf suffered serious injuries, resulting in her death in December 1987. The final order of adoption was signed on March 22, 1988. On June 24, 1988, the appellant who is the decedent's brother, was appointed administrator of her estate.

Since the final order of adoption was not signed until three months after her death, Elizabeth Mittendorf's son, now known as Robert Anthony Kmetz, was her sole distributee at the time of her death (see, Matter of Mazzeo, 95 AD2d 91; Dennis T. v Joseph C., 82 AD2d 125). Where a decedent's infant child is adopted after the decedent's death, his or her vested property right in the benefits of a cause of action for a natural parent's wrongful death will not be affected by the termination of his or her rights of inheritance and succession from and through the natural parents upon the making of an order of adoption (see, Alberino v Long Is. Jewish-Hillside Med. Ctr., 87 AD2d 217). The letters of administration previously issued to the appellant were, therefore, properly revoked and new letters of administration were properly granted to the petitioner, as Robert Anthony Kmetz's legal guardian (see, SCPA 1001 [2]). Sullivan, J. P., Lawrence, Eiber and Ritter, JJ., concur.